# OBERTEUFFER & Another *v.* ROBERTSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 6, 7, 1886.—Decided January 25, 1886.

Under section 7 of the act of March 3, 1883, 22 Stat. 523, the cost or value of paper cartons or boxes, in which hosiery and gloves are packed, in Germany, and transported to the United States, and the cost or value of the packing of the goods in the cartons, and of the cartons in an outer case, are not dutiable items, either by themselves, or as part of the market value abroad of the goods, unless the cartons are of a material or form designed to evade duties thereon, or are designed for use otherwise than in the bona fide transportation of the goods to the United States.

Where the cartons are of the usual kind known to the trade before the act of 1883 was passed, as customarily used for covering and transporting such goods, and are intended to accompany them and remain with them, in the hands of the retail dealer, until the goods are sold to the consumer, they are designed for use in the bona fide transportation of the goods to the United States, within the meaning of the act, and their cost or value is not a dutiable item.

Where the importer is not dissatisfied with the appraisement of his goods *per se*, but only with the addition to the entry of items for cartons and packing, his proper remedy is not to apply for a re-appraisement, but to protest and appeal.

This was an action brought to recover back duties alleged to have been illegally exacted. The facts which make the case are stated in the opinion of the court.

*Mr. Edwin B. Smith* for plaintiffs in error. *Mr. Charles Currie, Mr. Stephen G. Clarke* and *Mr. William Stanley* were with him on the brief.

*Mr. Solicitor-General* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action brought in a State Court in New York, by Reece M. Oberteuffer, Henry Abegg and Henry H. Daeniker, composing the mercantile firm of Oberteuffer, Abegg & Daeniker, against William H. Robertson, Collector of the port of New York, to recover $140.80 as an excess of duties, paid on coverings and putting up charges on hosiery and gloves, on which *ad valorem* duties were imposed by law. It was removed into the Circuit Court of the United States by the defendant. At the trial the jury rendered a verdict for the defendant, by direction of the court, and there was a judgment for him, for costs, to review which the plaintiffs have brought a writ of error.

In July, 1883, the plaintiffs imported from Bremen 2 cases of wool gloves, Nos. 4836, 4837; 21 cases of cotton hosiery, Nos. 4852 to 4872; and one other case of cotton hosiery, No. 168. There were three invoices covered by one entry.

The invoice of the 2 cases of gloves was dated at Leipzig and Chemnitz, in Saxony, June 29, 1883, and was of goods purchased by the plaintiffs. It covered 500 dozen of gloves, in 5 items, the prices of which per dozen were given, and amounted to 2415 marks. There was a deduction of 3 per cent. discount for cash, or 72 marks, 45 pfennigs, leaving 2342 marks, 55 pfennigs. There was then added, under the item of "packing charges," 25 marks "for cases," 220 marks "boxes," and 5 marks "packing," being a total of 250 marks, less 3 per cent. discount for cash, or 7 marks, 50 pfennigs, leaving 242 marks, 50 pfennigs, which added made 2585 marks, 05 pfennigs. In the entry, the value was stated at 2342 marks, 55 pfennigs.

The invoice of the 21 cases of hosiery was dated at Leipzig and Chemnitz, in Saxony, July 5, 1883, and was of goods purchased by the plaintiffs. It covered 2949 dozen of hose, in 21 items, the prices of which per dozen were given, and amounted to 13,530 marks, 70 pfennigs. There was a deduction of 3 per cent. discount for cash, or 405 marks, 95 pfennigs, leaving 13,- 124 marks, 75 pfennigs. There was then added, under the item

of "packing charges," 420 marks "for cases," 1204 marks, 50 pfennigs "boxes," and 42 marks "packing," being a total of 1666 marks, 50 pfennigs, less 3 per cent. discount for cash, or 50 marks, leaving 1616 marks, 50 pfennigs, which added made 14,741 marks, 25 pfennigs. In the entry the value was stated at 13,124 marks, 75 pfennigs.

The invoice of the one case of hosiery was dated at Hohenstein, Ernsthal, in Saxony, July 4, 1883, and was of goods consigned to the plaintiffs for sale. It covered 178 dozen of hose, in 6 items, the prices of which per dozen were given, and amounted to 1629 marks, 20 pfennigs. There was a deduction of 4 per cent. discount for cash, or 65 marks, 20 pfennigs, leaving 1564 marks. There was then deducted, for "case" 10 marks; "freight from Hohenstein to Bremen," 15 marks; "and to New York," 29 marks; "consul fees," 10 marks, 75 pfennigs; and "insurance," 10 marks, 25 pfennigs; being a total of 75 marks, less 4 per cent. discount for cash, or 3 marks, leaving 72 marks, which deducted left 1492 marks; which was the value stated in the entry.

On the invoice of the 2 cases of gloves the report of the appraiser was that 225 marks (being the 220 marks for "boxes" and the 5 marks for "packing,") less importer's discount, should be added "to make market value in marketable condition." This was done, and the duty paid on the added amount was $20.80.

On the invoice of the 21 cases of hoisery the report of the appraiser was that 1246 marks, 50 pfennigs, (being the 1204 marks, 50 pfennigs, for "boxes," and the 42 marks for "packing,") less importer's discount, should be added "to make market value in marketable condition." This was done, and the duty paid on the added amount was $114.80.

On the invoice of the one case of hosiery, the report of the appraiser was that 30 pfennigs per dozen should be added "to make market value in marketable condition." This was done, and the duty paid on the added amount was $5.20.

The importers filed a protest with the collector in due time, and duly appealed to the Secretary of the Treasury, and brought suit in due time. The protest covered the entry in

this case and was as follows: "We protest against the liquidation, as made by you, of our entries of merchandise, below referred to, and against the payment of the duties exacted thereon, and exacted on the charges of whatever nature thereon, on the following grounds, and upon each and every one of them:

"First. That under the act of March 3, 1883, the cost or market value of said merchandise is alone dutiable, whereas, in ascertaining the dutiable value thereof, there has been illegally estimated and included, as a part of such value, charges expressly declared by section 7 of said act to be non-dutiable.

"Second. That, under the act of March 3, 1883, only the value of said cotton hose or other merchandise is dutiable, whereas the value of the usual and necessary sacks, crates, boxes, and other coverings have been estimated as part of the value of said goods, in determining the amount of duties for which they should be liable, contrary to the provisions of section 7, act March 3, 1883.

"Third. By the act of March 3, 1883, all duties heretofore exacted upon charges incurred in the importation of merchandise are repealed, but there has been included, in estimating the dutiable value of said goods, actual, usual, and necessary charges for putting up, preparing, and packing said merchandise, and we hereby separately and distinctly protest against all duties assessed by reason of such additions to the actual cost or market value of the actual merchandise imported.

"Fourth. That, under the act of March 3, 1883, said cotton hose or other merchandise are only dutiable at their first cost or net market value in principal markets of countries whence exported, whereas the appraiser, in fixing the dutiable value of said merchandise, has illegally estimated and included as a part of such value the charges for finishing and putting up said merchandise, or one or more of said charges.

"Fifth. That the dutiable value of said merchandise is its cost or true market value, at the date of its exportation, in the principal markets of the country whence it was exported, free of charges, but you have assessed a duty thereon upon a valuation in excess of such net cost or value.

Opinion of the Court.

." Sixth. We further protest against the duty assessed hereon, claiming that, for reasons heretofore set forth, the net invoice or entered value is the true legal value upon which the duties should have been assessed, and that the additions made to such value are made contrary to the statutes of the United States, in that non-dutiable charges have been reckoned as a part of the dutiable value of said goods.

"And we give notice that we pay all higher duties or rates than is claimed above as the legal duty, under compulsion, and to obtain and keep quiet possession of our goods; and we also give notice that we do not intend by this protest to relinquish or waive any right we may have to a refund of the difference between the duty exacted of us and any less duty which may hereafter be adjudged the legal duty upon said goods, intending this protest to be made against the present duty charged upon said goods, claiming that said duty is not the legal duty to which said goods are chargeable, holding you and the Government responsible for all excess of duty exacted by you upon said goods above the legal duty, and protesting against all illegal exactions of duty thereon, and hereby give notice that we intend this protest to apply to all future similar importations by us, and also intend the duplicate protest herewith submitted for transmission by you to the Secretary of the Treasury, under the rules of your office, to be an appeal to him from your decision, and to likewise apply to all future similar importations by us."

The main question involved in the case is as to whether it was lawful to impose duties on the items for " boxes" and " packing" in the invoices of the 2 cases and the 21 cases, and on the item added to the invoice of the one case, which item was one for like boxes and packing. There was no duty charged on the outside packing case. The " boxes" in question were paper boxes or cartons, which contained the goods, and were themselves packed in the outside case, and the item for " packing" was for packing the goods in the cartons and lining the outside case and packing the cartons in it. The cartons contained some of them a dozen, and some a half dozen, pairs, of the articles. The outside case had a lining of heavy paper

or oilcloth, to protect the goods from sea water. Some of the cartons had a partition running through the middle, with half a dozen pairs of the articles on each side of the partition; some had a dozen pairs in each carton; and some had half a dozen pairs in each carton. The prices affixed to the gloves and hosiery bought, in the invoices of them, represent the prices of the goods, without case or cartons or packing. The plaintiffs paid not only for the goods, but for the cases, the cartons and the packing, paying a price per dozen of the goods, which covered the cases, the cartons and the packing, which price was 50 pfennigs higher per dozen of the goods than if there had been no cartons. In the invoice of the one case, the prices affixed are the prices for the goods, including, in fact, the items deducted on the invoice, and also the charge for cartons, which charge was not deducted on the invoice, although there is nothing on the invoice to show that that charge was part of the price. The cartons are for the convenience of the trade, in transporting the goods, and preserving them, and handling them, and counting them; and the cartons go with the goods in them, until they become empty through the sale of their contents in the United States, to consumers who buy at retail, for use. The cartons have labels on, showing the article, and the style, and the size, and the quantity.

The contention of the plaintiffs is, that by virtue of § 7 of the act of March 3, 1883, 22 Stat. 523, referred to in the protest, it was unlawful to exact duty on the value of the cartons and the packing; that, in respect to the invoice of the one case, the addition made was for cartons already included in the entered value; and that it was error to direct a verdict for the defendant.

Before examining the provisions of the act of 1883, it will serve to make a determination of their meaning more easy if it is distinctly seen what were the enactments in force on the subject at the time that act was passed.

By § 7 of the act of March 3, 1865, 13 Stat. 493, it was provided as follows : " That in all cases where there is or shall be imposed any ad valorem rate of duty on any goods, wares or merchandise imported into the United States, and in all cases

where the duty imposed by law shall be regulated by, or directed to be estimated or based upon, the value of the square yard, or of any specified quantity or parcel of such goods, wares or merchandise, it shall be the duty of the collector within whose district the same shall be imported or entered, to cause the actual market value, or wholesale price thereof, at the period of the exportation to the United States, in the principal markets of the country from which the same shall have been imported into the United States, to be appraised, and such appraised value shall be considered the value upon which duty shall be assessed." The same section then provided for an addition, on entry, by the importer, to the invoice value, to make such actual market value or wholesale price, and for a duty of twenty per cent. ad valorem on the appraised value, in addition to other lawful duties, if the appraised value should exceed by ten per cent. or more the value so declared in the entry. It also provided that the duty should "not be assessed on an amount less than the invoice or entered value;" and then repealed §§ 23 and 24 of the act of June 30, 1864, 13 Stat. 216, 217, " and all Acts and parts of Acts requiring duties to be assessed upon commissions, brokerage, costs of transportation, shipment, transhipment, and other like costs and charges incurred in placing any goods, wares or merchandise on shipboard, and all Acts or parts of Acts inconsistent with the provisions of this Act." Section 24 of the act of 1864, thus repealed, was in these words : " That in determining the valuation of goods imported into the United States from foreign countries, except as hereinbefore provided, upon which duties imposed by any existing laws are to be assessed, the actual value of such goods on shipboard at the last place of shipment to the United States shall be deemed the dutiable value. And such value shall be ascertained by adding to the value of such goods at the place of growth, production or manufacture, the cost of transportation, shipment, and transhipment, with all the expenses included, from the place of growth, production, or manufacture, whether by land or water, to the vessel in which such shipment is made to the United States, the value of the sack, box, or covering of any kind, in which such goods are

contained, commission at the usual rate, in no case less than two and one-half per centum, brokerage, and all export duties, together with all costs and charges, paid or incurred for placing said goods on shipboard, and all other proper charges specified by law."

., The effect of the legislation thus embodied in § 7 of the act of 1865, as applicable to goods subject to ad valorem duty, was to fix as their dutiable value, their actual market value or wholesale price at the period of their exportation to the United States, in the principal markets of the country from which they were imported into the United States, instead of their actual value on shipboard at their last place of shipment to the United States. The provision in the act of 1864, for adding, as part of the dutiable value, to the value of the goods themselves, the value of any sack, box, or covering, containing the goods, was repealed; and, under the act of 1865, the dutiable value was such actual market value or wholesale price abroad of the goods themselves, without sack, box, or covering, and the value of the sack, box, or covering was not to be added, and was not dutiable.

So much of § 7 of the act of 1865 as related to additions by the importer, on entry, and to the duty not being assessed on an amount less than the invoice or entered value, was re-enacted as § 2900 of the Revised Statutes. So much of the same section as related to the rule for appraisement was re-enacted as § 2906, in these words: " When an ad valorem rate of duty is imposed on any imported merchandise, or when the duty imposed shall be regulated by, or be directed to be estimated or based upon, the value of the square yard, or of any specific quantity or parcel of such merchandise, the collector within whose district the same shall be imported or entered shall cause the actual market value, or wholesale price thereof, at the period of the exportation to the United States, in the principal markets of the country from which the same has been imported, to be appraised, and such appraised value shall be considered the value upon which duty shall be assessed."

After the act of 1865, followed the act of July 28, 1866, § 9 of which, 14 Stat. 330, provided as follows: " That in deter-

mining the dutiable value of merchandise hereafter imported, there shall be added to the cost, or to the actual wholesale price or general market value at the time of exportation in the principal markets of the country from whence the same shall have been imported into the United States, the cost of transportation, shipment, and transhipment, with all the expenses included, from the place of production, growth, or manufacture, whether by land or water, to the vessel in which shipment is made to the United States; the value of the sack, box, or covering of any kind in which such goods are contained; commission at the usual rates, but in no case less than two and a half per centum; brokerage, export duty, and all other actual or usual charges for putting up, preparing, and packing for transportation or shipment. And all charges of a general character incurred in the purchase of a general invoice shall be distributed pro rata among all parts of such invoice; and every part thereof charged with duties based on value shall be advanced according to its proportion, and all wines or other articles paying specific duty by grades shall be graded and pay duty according to the actual value so determined: *Provided*, That all additions made to the entered value of merchandise for charges shall be regarded as part of the actual value of such merchandise, and if such addition shall exceed by ten per centum the value so declared in the entry, in addition to the duties imposed by law, there shall be levied, collected, and paid a duty of twenty per centum on such value."

These provisions of § 9 of the act of 1866 were re-enacted as §§ 2907 and 2908 of the Revised Statutes in these words: "Sec. 2907. In determining the dutiable value of merchandise, there shall be added to the cost, or to the actual wholesale price or general market value at the time of exportation in the principal markets of the country from whence the same has been imported into the United States, the cost of transportation, shipment, and transhipment, with all the expenses included, from the place of growth, production, or manufacture, whether by land or water, to the vessel in which shipment is made to the United States; the value of the sack, box, or covering of any kind in which such merchandise is contained; commission

at the usual rates, out in no case less than two and a half per centum; and brokerage, export duty, and all other actual or usual charges for putting up, preparing, and packing for transportation or shipment. All charges of a general character incurred in the purchase of a general invoice shall be distributed pro rata among all parts of such invoice; and every part thereof charged with duties based on value shall be advanced according to its proportion, and all wines or other articles paying specific duties by grades shall be graded and pay duty according to the actual value so determined. § 2908. All additions made to the entered value of merchandise for charges shall be. regarded as part of the actual value of such merchandise, and if such addition shall exceed by ten per centum the value declared in the entry, in addition to the duties imposed by law, there shall be collected a duty of twenty per centum on such value."

Then followed § 14 of the act of June 22, 1874, 18 Stat. 188, which provided as follows: "That wherever any statute requires that, to the cost or market value of any goods, wares, and merchandise imported into the United States, there shall be added to the invoice thereof, or, upon the entry of such goods, wares, and merchandise, charges for inland transportation, commissions, port duties, expenses of shipping, export duties, cost of packages, boxes, or other articles containing such goods, wares, and merchandise, or any other incidental expenses attending the packing, shipping, or exportation thereof from the country or place where purchased or manufactured, the omission, without intent thereby to defraud the revenue, to add and state the same on such invoice or entry shall not be a cause of a forfeiture of such goods, wares, and merchandise, or of the value thereof; but in all cases where the same, or any part thereof, are omitted, it shall be the duty. of the collector or appraiser to add the same, for the purposes of duty, to such invoice or entry, either in items or in gross, at such price or amount as he shall deem just and reasonable, (which price or amount shall, in the absence of protest, be conclusive,) and to impose and add thereto the further sum of one hundred per centum of the price or amount so added; which addition shall constitute a part of the dutiable value of such goods, wares, and merchandise, and shall

be collectible as provided by law in respect to duties on imports." Section 26 of the same act repealed all prior inconsistent provisions.

Such were the enactments in force when the act of 1883 was passed. When the duty was ad valorem, or based on the value of a given quantity or parcel of goods, there was, by § 2906 of the Revised Statutes, to be an appraisement here of the actual market value or wholesale price of the goods, at the period of exportation, in the principal markets of the country from which they were imported, and such appraised value was to be the dutiable value of the goods, as merchandise, without reference to any of the items required by § 2907 to be added as charges to such actual market value or wholesale price of the goods. All those items so required to be added were charges, and not part of the appraised value of the goods. By § 2908, if the items added for charges, after entry, exceeded by ten per cent. the entered value of the goods, a duty of twenty per cent., in addition to the duties imposed by law, was required to be collected "on such value." This additional duty did not depend on an intent to defraud, but was imposed for the mere omission of the charges from the entry. By § 14 of the act of 1874, the omission to add the charges, without intent to defraud, was declared not to be a cause of forfeiture, but when they were omitted, it was made the duty of the public officers to add them for the purposes of duty, and to add the further sum of one hundred per cent. of the amount so added, such additions to be a part of the dutiable value.

Then followed the 7th section of the act of 1883, in these words: " That sections twenty-nine hundred and seven and twenty-nine hundred and eight of the Revised Statutes of the United States, and section fourteen of the Act entitled ' An Act to amend the customs revenue laws, and to repeal moieties,' approved June twenty-second, eighteen hundred and seventy-four, be, and the same are hereby, repealed, and hereafter none of the charges imposed by said sections, or any other provisions of existing law, shall be estimated in ascertaining the value of goods to be imported, nor shall the value of the usual and necessary sacks, crates, boxes, or covering, of any kind, be esti-

mated as part of their value in determining the amount of duties for which they are liable: *Provided*, That if any packages, sacks, crates, boxes, or coverings, of any kind, shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the bona fide transportation of goods to the United States, the same shall be subject to a duty of one hundred per centum ad valorem upon the actual value of the same."

By this § 7 of the act of 1883, in the first place, §§ 2907 and 2908 of the Revised Statues, and § 14 of the act of 1874, are repealed. This repeals the provision of § 2907, that, in determining the dutiable value of the merchandise, there shall be added to its appraised market value (to be ascertained under § 2906, which is left unrepealed,) the expenses and charges mentioned in § 2907, among which are " the value of the sack, box, or covering, of any kind, in which such merchandise is contained," " and all other actual or usual charges for putting up, preparing, and packing for transportation or shipment." It also repeals the provision of § 2908 for the additional duty of twenty per cent. when the addition for the charges mentioned in § 2907 exceeds by ten per cent. the entered value. It also repeals the provision of § 14 of the act of 1874, for the addition of double the charges omitted, among which charges are specified " cost of packages, boxes, or other articles containing such goods, wares, and merchandise, and any other incidental expenses attending the packing, shipping, or exportation thereof from the country or place where purchased or manufactured."

The items thus specified in § 2907 of the Revised Statutes, and in § 14 of the act of 1874, being charges, and being eliminated as part of the dutiable value of goods, and § 2906 remaining for the appraisement of the goods *per se*, without the addition of any of the charges so abolished, it would seem that the meaning of § 7 of the act of 1883 was plain.

But that section goes on to say : " and hereafter none of the charges imposed by said sections or any other provisions of existing law shall be estimated in ascertaining the value of goods to be imported." Nothing is imposed by § 2907 of the Revised Statutes but the addition to the appraised market value, pro-

vided for by § 2906, of the items specified in § 2907, all of which are thus declared by § 7 of the act of 1883 to have been " charges." Those charges are no longer to be added or estimated, as before, in determining the dutiable value of the goods. So, the repealed § 14 of the act of 1867 imposed nothing except in respect of the items it specified, which were items to be added to appraised market value, and are, therefore, declared by § 7 of the act of 1883 to have been " charges."

But that section goes on still further to say : " nor shall the value of the usual and necessary sacks, crates, boxes, or covering, of any kind, be estimated as part of their value in determining the amount of duties for which they are liable." This means, that not only, as the section had declared, shall none of the charges provided for in the repealed sections be added or estimated in ascertaining dutiable value, but the value of the sacks, crates, boxes, or covering, of any kind, shall not be estimated as part of the value, or included in the value, of the goods, but shall be omitted, leaving the value of the goods to be appraised *per se,* under § 2906, without estimating or including the value of the sack, crate, box, or covering, of any kind, and, therefore, requiring such latter value to be deducted, if the entry or invoice includes it, either separately, or as part of a price or value affixed to the goods, if it is capable of separation and deduction, unless the effect is to reduce the dutiable value below the invoice or entered value. For, by § 2907 of the Revised Statutes, " the value of the sack, box, or covering, of any kind, in which such merchandise is contained," was required to be added, that is, estimated in determining the dutiable value of merchandise ; " and the items required by § 14 of the act of 1874 to be added to the market value of goods, for the purposes of duty, cover the " cost of packages, boxes or other articles containing " the goods, and the expenses of packing.

The last clause of § 7 of the act of 1883 adds force to the foregoing views. It is this : " *Provided,* That if any packages, sacks, crates, boxes, or coverings, of any kind, shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the bona fide transportation of goods

to the United States, the same shall be subject to a duty of one hundred per centum ad valorem upon the actual value of the same." This implies that if the boxes or coverings of any kind are not of a material or form designed to evade duties thereon, and are designed to be used in the bona fide transportation of the goods to the United States, they are not subject to duty. If either of these things occurs they are subject to one hundred per cent. duty. There is not, in the present case, any suggestion that the cartons were of a form or material designed to evade duties thereon. They were of the usual kind known to the trade before the law was passed, as customarily used for the same purpose. They were designed to be used in the bona fide transportation of the goods to the United States, not only because they were and had been a customary article in the trade for covering and transporting these goods, but because they were intended to accompany the goods and remain with them in the hands of the retail dealer, until the goods should be sold to the consumer.

The change made by § 8 of the act of 1883 in the oaths required on entry, is in consonance with the above interpretation of the effect of § 7. Section 8 amends § 2841 of the Revised Statutes, as to the forms of the three several oaths, in the following manner, the particular parts referred to of the old forms and the new ones being placed side by side, and the parts in each which differ from the other being in italic:

### Oath of consignee, importer, or agent.

| *Old oath.* | *New oath.* |
|---|---|
| " that the invoice now produced by me exhibits the actual cost, (if purchased,) or fair market value, (if otherwise obtained,) at the time or times, and place or places, when or where procured, (as the case may be,) of the said goods, wares, and merchandise, *all the charges thereon,* | " that the invoice now produced by me exhibits the actual cost, (if purchased,) or fair market value, (if otherwise obtained,) at the time or times, and place or places, when or where procured, (as the case may be,) of the said goods, wares, and merchandise, *including all costs for* |

and no other or different dis- | *finishing said goods, wares and*
count," &c. | *merchandise to their present con-*
| *dition*, and no other or different
| discount," &c.

*Oath of owner in cases where merchandise has been actually purchased.*

| Old oath. | New oath. |
|---|---|
| " that the invoice which I now produce contains a just and faithful account of the actual cost of the said goods, wares, and merchandise, *of all charges thereon*, including *charges of purchasing, carriages, bleaching, dyeing, dressing*, finishing, *putting up, and packing*, and no other discount," &c. | " that the invoice which I now produce contains a just and faithful account of the actual cost of the said goods, wares, and merchandise, including *all cost* of finishing *said goods, wares, and merchandise to their present condition*, and no other discount," &c. |

*Oath of manufacturer or owner in cases where merchandise has not been actually purchased.*

| Old oath. | New oath. |
|---|---|
| " the invoice which I now produce contains a just and faithful valuation of the same, at their fair market value, *including charges of purchasing, carriages, bleaching, dyeing, dressing, finishing, putting up, and packing*, at the time," &c. | " the invoice which I now produce contains a just and faithful valuation of the same, at their fair market value, at the time," &c. |
| " that the said invoice contains also a just and faithful account of all *charges actually paid*, and no other discount," &c. | " that the said invoice contains also a just and faithful account of all *the cost for finishing said goods, wares, and merchandise to their present condition*, and no other discount," &c. |

It is apparent that these new forms of oath leave out

"charges" entirely, because the statute leaves them out as dutiable items. The "cost of finishing the goods to their present condition" is part of the value of the goods abroad outside of the abolished "charges." Goods may be bought abroad unfinished, and then caused to be finished; but in no case can the cost of finishing be left out of their value, however they have been obtained. So, the new oaths embrace only the value of the goods *per se*, and there is no oath as to any item before called "charges." The item of "finishing" is broad enough to include bleaching, dyeing, and dressing, but does not include any of the other charges specifically named in the old oaths.

The contention on the part of the government is that § 7 of the act of 1883 repeals only so much of the prior statutes as added to the market value abroad the charges which were incident to the shipment of the goods, after they were put in a condition for the market abroad, as usually sold; that the expense of the cartons was necessary to put them into that condition; that the value of the cartons was part of the market value of the goods abroad; and that, therefore, it must enter into the dutiable value. It is urged that the carton is not incident to the transportation of the goods, but is part of their preparation for sale abroad; that it is an integral part of the value of the whole, carton and goods, as a unit; that, in valuing such unit, nothing more is done than valuing the goods, ready for sale; and that, although, in one sense, the carton is a charge, it is a charge incurred in putting the merchandise into the condition in which it is sold abroad, and it becomes part of the goods, and its value is merged in the value of the filled carton. The sufficient answer to these suggestions is, that they allow no weight to the declaration of the statute that the value of the usual and necessary box or covering, of any kind, shall not be estimated as part of the value of the goods, in determining the amount of duties for which the goods are liable. The carton is a usual box or covering. It is a necessary box or covering, within the meaning of the law, on the facts shown in the bill of exceptions. It was a box or covering in which the goods were contained, and so was a charge specifically imposed by § 2907 of the Revised Statutes; and

§ 7 of the act of 1883 says that no charge imposed by § 2907 shall be estimated in ascertaining the value of the goods.

The bill of exceptions shows, that, after the enactment of § 14 of the act of 1874, and prior to March 3, 1883, it was the practice of the custom-house at New York, where there were cartons with the goods, and the cartons were not set forth in the invoice, to treat the value of the cartons as a charge, under that section, and add such value, and one hundred per cent. thereon, to make dutiable value. No statute is referred to which ever recognized the value of cartons as other than a charge, and no such practice appears to have obtained before March 3, 1883.

As the action of the collector in this case appears to have been founded on a circular issued by the Treasury Department on May 15, 1883, and was sanctioned by the opinion of the Attorney-General, Mr. Brewster, given to the Secretary of the Treasury on January 11, 1884, and as there have been decisions of Circuit Courts in accordance with those views (although there have been some to the contrary), the question involved has been carefully considered by this court, and the judges are unanimously of opinion that the true view of the statute in force at the time the goods in this case were entered is that announced in this opinion.

It appears that, after verdict and before judgment, there was a motion made for a new trial in this case, in deciding which, *Oberteuffer* v. *Robertson*, 24 Fed. Rep. 852, the court stated that the verdict for the defendant was directed on the ground that the plaintiff's protest "was insufficient to present the objections relied upon by them to the exaction of the duties in controversy," but that the motion for a new trial was denied on the ground that the duties were not illegally exacted.

It it contended for the government, that a reappraisement should have been applied for by the plaintiffs, under § 2930 of the Revised Statutes, and that they mistook their remedy. We are of opinion that this is not a sound view. They were not dissatisfied with the appraisement of the value of the goods *per se.* That value was left at the value stated in the

invoice. The addition of the items for cartons and packing was no part of the duty or function of the appraiser, acting under § 2906, to appraise the foreign market value of the goods. Although, in form, the appraiser added the items for cartons and packing, the action of the custom-house was only a decision of the collector, under § 2931, that the cartons and packing were dutiable costs and charges. Those items appeared distinctly, as to two of the invoices, on them and on the entry, as charges for boxes and packing, and, being deducted as such on the face of the entry, were again added as such by the appraiser. As to the third invoice, the value of the cartons and packing, being included in the invoice value, was left in in the entered value, and a sum was added which in fact represented a second time the value of the cartons and packing, as a dutiable charge. We are of opinion that the first, second, and third paragraphs of the protest in this case are sufficient to raise the points relied on by the plaintiffs, and that to protest was the proper way to raise those points.

The exaction of duty on the packing, whether packing the goods in the cartons, or the cartons in the outer case, or lining the outer case, was not warranted by law. These were "charges" under the former statutes and were abolished as charges by the act of 1883.

As to the one case of hosiery, the addition to the entered value, of thirty pfennigs per dozen for the cartons and packing, was unauthorized, and the goods were dutiable at only the entered value of 1492 marks. As, under § 2900 of the Revised Statutes, duty cannot, as to the goods, "be assessed upon an amount less than the invoice or entered value," whatever is put down in the invoice and entry as the value of the goods *per se* cannot be diminished, although in fact there may have been included in such value the cost of cartons and packing, unless the invoice or entry shows distinctly what such cost was and that it was included. In fact the cartons and packing were included twice, as to the one case of hosiery, in exacting duties, but only that which the appraiser added for them can be deducted, although their cost would not properly have been part of the dutiable value if the invoice and entry had not

stated the value of the goods at a price which in fact included the cost of the cartons and packing.

It results, from these views, that

*The judgment of the Circuit Court must be reversed, and the case be remanded to that court, with a direction to grant a new trial.*