## MORRIS *v.* CADWALADER, Collector.[1]

(*Circuit Court, E. D. Pennsylvania.* October 3, 1887.)

1. CUSTOMS DUTIES—PACKING CHARGES—APPRAISEMENT OF GOODS PER SE.
   Since the act of March 3, 1883, duties can be exacted by the collector only upon an appraisement of the market value of the goods *per se.*

2. SAME—APPRAISEMENT—DISALLOWANCE OF CHARGES.
   Where on the invoice the gross value of the goods is stated, and a deduction made of specific packing charges, and the net amount is then carried out as the market value of the goods *per se,* an appraisement which simply disallows the charges, or adds them again to make dutiable value, or states that they are to be added to make market value, is not an appraisement of the goods *per se,* but an addition of charges, and does not justify the collector in exacting duty on the value of the goods increased by the amount of such charges.

Action to Recover back Customs Duties.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

The following facts were proved on the trial:

The invoices were all alike in form. Each consisted of a number of items of goods. At the foot of each item there was written "Deduct cost of rolling boards, making up, paper, ticketing, etc., at 2d. per piece, included in above price." This cost was then carried out and deducted from the price of the goods, and the net balance carried out as the invoice value of the goods *per se*. At the foot of the invoice was an itemized statement of non-dutiable charges, including both those above deducted and additional charges not included in the price of the goods.

Upon the first invoice the appraiser wrote over each item of charges deducted the word "Disallowed." Over the itemized statement of the charges at the foot of the invoice and immediately alongside of the items which had been included in the previous deductions he wrote the words, "Add to make market value." The collector then exacted the duty upon the whole price of the goods, including the charges deducted.

Upon the second invoice the appraiser did not write the word "disallowed" over the deductions, but at the foot of the last item in the invoice wrote the words, "Allow for rolling, making up, etc., 4d. per piece only, £1 14s. 8d., add to make dutiable value, £8 13s. 4d." This last item of £8 13s. 4d. was the difference between the charges deducted on the invoice and the £1 14s. 8d. allowed by the appraiser. The collector exacted duty on the value of the goods, *per se* as stated in the invoice, plus the £8 13s. 4d.

Upon the third invoice the appraiser wrote over each item of deduction the words, "Allow only 10d. per piece for these charges," and wrote nothing at the foot of the invoice. The collector exacted duty on the value of the goods *per se*, as stated in the invoice, plus the difference between the charges there deducted and the 10d. per piece allowed by the appraiser.

*Frank P. Prichard,* for plaintiff.

Since the act of March 3, 1883, the appraiser has nothing to do with charges. His duty is to appraise the market value of the goods *per se*. The disallowance or addition of charges does not amount to such an appraisement, but indicates only that the appraiser is of opinion that the charges should be included in the value on which duty is exacted. *Arthur* v. *Goddard,* 96 U. S. 145; *Oberteuffer* v. *Robertson,* 116 U. S. 499, 6 Sup. Ct. Rep. 462. The duty can only be imposed upon a clear and positive appraisemnent, and not a doubtful or inferential one. In doubtful cases the decision should be in favor of the importer. *Hartranft* v. *Weigmann,* 121 U. S. 609, 7 Sup. Ct. Rep. 1240.

*John K. Valentine,* U. S. Atty., for defendant.

The appraiser's return that the charges should be added to make market value amounts to an appraisement by him of the market value of the goods *per se*. In *Oberteuffer* v. *Robertson* the return was, "Add to make market value *in marketable condition,*" showing that the appraiser meant something more than the market value of the goods *per se*. In this case there were no such words.

McKENNAN, J., (*charging jury.*) There are three invoices in this case upon which duties were exacted by the collector, and paid by the importer; and the question is whether the duties so paid were authorized by law.

It appears to the court, as to one of the invoices, that the charges connected with the preparation of the goods for market were added by the appraiser to the invoice price of the goods, and that the whole, accord-

ing to this, constituted the market value of these goods. In view of the opinion expressed by the supreme court, it is clear that the duties charged on the goods in this invoice were excessive by the amount of the charges which were added to the market value of the goods; so that as to that excess, the duties exacted were clearly wrong.

As to the second invoice, the charges were added to the value of the goods in order to ascertain, as the appraiser says, the dutiable value of the goods. This, also, in the judgment of the court, is wrong. The collector was bound to take simply the finding of the appraiser as to the market value of the goods *per se*, that is, exclusive of the charges which were added. So that in that case the duties exacted upon the charges were unlawfully exacted by the collector, and the plaintiff is entitled to recover them.

Then, as to the third invoice. The charges were added in pursuance of a note made by the appraiser in this case, "add to make market value." Whatever might be the view entertained by the court, or the construction given by the court to these words, aside from the decisions of the supreme court, we regard the case of *Oberteuffer* v. *Robertson*, 116 U. S. 499, 6 Sup. Ct. Rep. 462, as ruling the present case. We regard that case as substantially in its facts similar to the one now before the court. As we understand that case, there the appraiser added to the value of the goods *per se* the charges, in order to make "the market value in marketable condition." We cannot see that the words used by the appraiser there make that case different from the one before us. In this case the note of the appraiser is, "add to make market value." So that in both cases the addition of the charges to the invoiced value was made by the appraiser in order to ascertain the dutiable value; and bound, as we are, by the decision of the supreme court of the United States, we must hold that in this case the import of this paper is that the charges are added to the value of the goods *per se*, in order to ascertain what they regard as the dutiable value of the goods. The plaintiff is therefore entitled to recover the duties charged by the collector upon these charges, which were added by the appraiser, and by the collector when he exacted the duties.

In the first place, then, as to the first importation or invoice referred to, the plaintiff is clearly entitled to recover the duty charged upon the charges added by the appraiser to the value of the goods. So, in the second case, where the addition was made by him in order to ascertain what he called the dutiable value; and likewise also in the last case, under authority of the case referred to, the plaintiff is entitled to recover the duties charged and paid upon the charges which were added to the market value of the goods to ascertain the market value. You will therefore find in favor of the plaintiff for the amount of duties paid for these three excessive charges made by the appraiser and by the collector in ascertaining the amount.