ROSENSTEIN *v.* MAGONE, Collector.

(*Circuit Court, S. D. New York.* March 5, 1888.)

CUSTOM DUTIES—COVERINGS—MATCH-BOXES—ACT CONG. MARCH 3, 1883, § 7.

    Boxes containing matches, and being of use in the *bona fide* transportation of the matches to the United States, are free of duty under the seventh section of the tariff act of March 3, 1883, although the boxes are put to a use otherwise than in the *bona fide* transportation. The case of *Oberteuffer* v. *Robertson,* 116 U. S. 499, 6 Sup. Ct. Rep. 462, criticised, but followed.

  At Law. Action to recover back custom duties.

This action was brought to recover duties alleged to have been exacted unlawfully upon boxes containing matches imported from Sweden. The matches were of two kinds. Some were known as "safety matches," and could be ignited only on a specially prepared surface; and the boxes containing them had on their edges a piece of such prepared surface. The others were known as "parlor matches," and could be ignited on any rough dry surface; and the boxes containing them had on their edges a piece of sand-paper. The boxes of both kinds were taxed at 100 per cent. *ad valorem*, under the proviso to section 7 of the tariff act of March 3, 1883, whereas the plaintiff claimed that both were properly duty free, under section 7 itself. It appeared on the trial that the boxes performed a function in the *bona fide* transportation of the matches into this country, though this function was slight, since these boxes were themselves packed several times in stronger packages and boxes. It also appeared that the boxes performed a function during the use of the matches in this country, and that the matches would have no appreciable commercial value in the markets of this country if not contained in such boxes.

*Nelson Smith* and *H. Applington,* for plaintiff.

*Stephen A. Walker,* U. S. Atty., and *Macgrane Coxe,* Asst. U. S. Atty., for defendant.

LACOMBE, J., (*orally.*) This case lies within a narrow compass, both as to the law and and as to the facts. It calls for a construction only of section 7 of the act of 1883. The facts are few in number, and there is no dispute about them. The method in which these matches are packed; the method in which they are conveyed to this country, and how they are used when they are here; what happens to the boxes during use and afterwards,—is all proved in the case. It is a matter of common knowledge, without proof, and it is proved here, that while there may be no use of the box disconnected from the matches, there is a use made of the box disconnected from the transportation. Now, section 7, in its latter part, contains a proviso under one branch of which the government claims that these goods come. The proviso is as follows: "Provided that if any packages, sacks, crates, boxes, or coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the *bona fide* transportation of goods to the United States, the same shall be subject to a duty of one hundred

per cent. *ad valorem,* upon the actual value of the same." If there were nothing here but this statute to be interpreted, I should feel no hesitancy whatever in holding that this phraseology imports that when these boxes or coverings are constructed upon a plan which facilitates and contemplates other use in connection with their contents while such contents are being themselves used, they are designed for a use other than in transportation to the United States. Under such a construction, if I did not direct a verdict for the defendant, he would certainly be entitled to go to the jury as to whether they found these particular articles fairly within the test of a double use. But that is not all that there is here. The supreme court, upon most elaborate argument, and with great care, have considered this entire subject, and have delivered an opinion in *Oberteuffer* v. *Robertson,* 116 U. S. 499, 6 Sup. Ct. Rep. 462. They there interpret or paraphrase this proviso which I have read as follows: "This," says the court, meaning the proviso, "implies that if the boxes or coverings of any kind are not of a material or form designed to evade duty thereon, and are designed to be used in the *bona fide* transportation of the goods to the United States, they are not subject to duty" With all due respect to the learned judge who wrote this opinion, I think that his paraphrase goes beyond the text or the intent of the statute; for while the statute provided that if there was a use for these boxes designed otherwise than for transportation, although the use for transportation was also designed, they should pay duty, the paraphrase would relieve them from the payment of duty, although they might be, and were, generally, put to an incidental use in connection with their contents other than that of transportation, provided they were *bona fide* used for the purpose of transporting goods. Still, that is the opinion of the supreme court, and it is controlling here, and I shall follow it.

The jury will render a verdict for the plaintiff, pursuant to the direction of the court, for $407.27, with interest.