## HERMANN et al. v. UNITED STATES.

(Circuit Court, S. D. New York. December 9, 1897.)

1. CUSTOMS DUTIES—CONCLUSIVENESS OF APPRAISEMENT.

While an appraisement is final and not reviewable by the courts, yet the alleged inclusion of something not properly a part of market value, and not dutiable at all, may be challenged by protest, and re-examined by the courts on appeal. Oberteuffer v. Robertson, 6 Sup. Ct. 462, 116 U. S. 499, followed.

2. SAME—COMMISSIONS.

Commissions, constituting part of the expense of obtaining goods, cannot be added in ascertaining market value.

This was an appeal by Hermann, Sternbach & Co. from a decision of the board of general appraisers in respect to the assessment of duties on certain merchandise.

Stephen G. Clarke, for plaintiffs.
Max J. Kohler, Asst. U. S. Atty.

WHEELER, District Judge. The plaintiffs protest that commissions have been added to market value, and that duties have been assessed upon them as such. Question is made whether this court has, by appeal, any jurisdiction of this matter. That the appraisement of the goods is final and conclusive, and cannot be re-examined here, seems to be quite plain; but that the claimed inclusion of something not properly a part of market value, and not dutiable at all, may be challenged by a protest and re-examined here on appeal, seems equally conclusive. Oberteuffer v. Robertson, 116 U. S. 499, 6 Sup. Ct. 462. That the actual value of the goods themselves in the wholesale markets of the country from whence imported is the dutiable value, without reference to the cost, or expenses of purchasing or obtaining them there, seems also to be well settled by that case.

The question here is whether commissions, as such, as a part of the expense of obtaining the goods, have been added to, or made an element of, that, in arriving at the amount on which the duties have been assessed. Commissions were specified in the invoices. The testimony of those concerned in making the invoices has been somewhat considered, not for the purpose of any reappraisement, but to ascertain whether the commissions were, in fact, omitted. They do not appear to have been entered as a part of the market value of the goods themselves, but as an element in the cost of the purchase. They were omitted by the appraiser, and in part restored by direction of the board on each of two of the invoices to "add to entered value amount improperly deducted as commission, 2½%," and were included by similar directions, or by computations upon them in others.

The opinion of the board, by Wilkinson, general appraiser, says:

"The protest is against the assessment of duty by the collector on the valuation of certain worsted goods as found by a board of general appraisers. The appellants assert that duty was assessed upon 'a portion of the nondutiable commission,' and claim that only the value of the goods, as entered, is subject to duty. The importers appealed from the valuation of the local appraiser

for reappraisement, and then from the decision of the general appraiser to a board of general appraisers. Section 13, Act June 10, 1890, provides that the decision of a board of general appraisers on such an appeal 'shall be final and conclusive as to the dutiable value of such merchandise.' We find, as facts, that the board of general appraisers made a decision upon the dutiable value of the merchandise in question, and that the collector assessed duty upon the valuation thus returned. In the absence of any evidence to impeach the reappraisement proceedings or the decision of the board of general appraisers, we hold that the decision of the board as to the dutiable value is final, and that duty was properly assessed. The protest is overruled accordingly."

This shows that the board, in reviewing the proceedings, considered the appraisal conclusive, without reference to what there might have been drawn into it whether properly a part of the actual market value of the goods or not. They did not find that the actual market value was what the commissions would make the entered value amount to, but only that the appraisal was made. The commissions so appear to have gone into the market value as such, and to have had a duty assessed upon them, which was not properly assessable. The commissions should be rejected in reliquidation. Decision reversed.