### UNITED STATES v. LIAN et al.

### SAME v. HAMRAH.

(Circuit Court of Appeals. Second Circuit. December 7, 1925.)

Nos. 66, 67.

1. **Customs duties** ⊚⇒82—"Protest," within statute making liquidation of duties conclusive after one year, defined.

Under Act June 22, 1874, § 21 (Comp. St. § 5714), providing that liquidation and payment of duties and delivery of goods to importer is conclusive on parties after one year from entry, in absence of fraud or protest by importer, "protest" means written document filed by importer with collector against his decision as to rate and amount of duty for classification, and does not include notice of dissatisfaction with appraisement, leading to appeal therefrom, in view of Act Aug. 27, 1894, § 25 (Comp. St. § 6536), Act Feb. 27, 1877, amending Rev. St. § 3011, Act Oct. 3, 1913, § 3, N (Comp. St. § 5595), Act June 30, 1864, § 14, Rev. St. § 2931, Act June 10, 1890, Act July 24, 1897, and Act Aug. 5, 1909.

2. **Customs duties** ⊚⇒82—Importer may challenge legality of appraisement by filing protest with collector at time of assessment.

Under Tariff Act Oct. 3, 1913, importer may challenge legality of appraisement, or assert that it proceeded on wrong principle, contrary to law, by filing protest with collector at time he assesses amount of duties on such illegal appraisement.

3. **Customs duties** ⊚⇒96—Liquidation and payment of duties and delivery of goods to importers bars actions for additional duties after year from entry.

Where duties, under Tariff Act Oct. 3, 1913, and Tariff Act 1894, § 25 (Comp. St. § 6536), were liquidated and paid, and goods delivered to importers, settlement was final and conclusive on all after one year from entry, in absence of protest by importers, under Act June 22, 1874, § 21 (Comp. St. § 5714), and government's actions for additional duties were barred.

In Error to the District Court of the United States for the Southern District of New York.

Actions by the United States against Abraham Lian and another, doing business under the firm name and style of Lian & Mabarak, and against Alexander J. Hamrah, doing business as Hamrah Bros. Judgments

for defendants, and the United States brings error. Affirmed.

Emory R. Buckner, U. S. Atty., of New York City (Mary R. Towle, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Frederick W. Brooks, Jr., of New York City, for defendants in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. These actions were tried together, argued here as one, and will be considered in one opinion. In each case, the government seeks to recover for additional duties on merchandise imported by each defendant under the Tariff Act of October 3, 1913, 38 Stat. 114, and under section 25 of the Tariff Act of 1894, 28 Stat. 552 (Comp. St. § 6536), which were effective when the importations were made. The cases were tried upon a stipulation as to the facts.

The merchandise was entered, estimated duties were paid, and it was delivered to the defendants in error in November and December, 1919, and January, 1920. The balance of duties were liquidated and paid in May, July, and August, 1920, and March-April, 1921. There is no claim of fraud in the importations and entry of the merchandise. Appeals to reappraisement were filed and decided March 23, 1921. A reliquidation was had September 28, 1921, and additional duties were assessed by the collector under instructions from the Secretary of the Treasury under the provisions of section 25 of the Act of August 27, 1894 (28 Stat. 552). No protests were filed in accordance with section 3, subd. N, of the Tariff Act of 1913 (Comp. St. § 5595).

[1] In answer to this suit for collection of the items found due under the reliquidations, the defendants in error say the reliquidations were illegal and void, in so much as they respectively took place more than one year after the respective dates of entry of the merchandise. The argument proceeds upon the basis that the Act of June 22, 1874, 18 Stat. 186, was effective at the time of the importations and is a limitation of the right to reliquidate. The act provides (section 21):

"That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties." Comp. St. § 5714.

The defendants in error argue that "protest," as used in the statute, refers to a document filed with the collector after his liquidation as to the rate and amount of duties, and sets forth the importer's objections to such decision. Because no such protest was made, the contention is that the limitation of one year applied to the reliquidations made and that therefore they were outlawed. The government argues that the term "protest," as used in the Act of June 22, 1874, should reasonably be construed in a more general sense, and should include a notice of dissatisfaction with an appraisement leading to an appeal therefrom. The argument proceeds that the appeal to reappraisement, which was filed on March 23, 1921, is a protest within the meaning of this statute.

Ever since the enactment and to the present time, an importer, in connection with his importations, could ask for reappraisement of his merchandise, if dissatisfied with the valuations and assessments thereon. He could appeal from the appraisement. If dissatisfied with the decision of the collector as to the rate and amount, he could file a protest to that decision. The two are quite distinct. In other words, the decision of the appraisers as to the value of merchandise is the subject of an appeal to reappraisement, and the decision of the collector as to the rate and the amount of duties chargeable is the subject of protest. Learned counsel for the government argues, referring to earlier decisions, that the word "protest," used in the act in question, includes a notice of dissatisfaction of the appraisement and an appeal to reappraisement, and from this it is said that the time within which liquidation could take place was extended in the case at bar by the pendency of the appeals to reappraisement. If this be true, the reliquidations were not affected by the one-year limitation in question.

In Davies v. Miller, 130 U. S. 284, 9 S. Ct. 560, 32 L. Ed. 932, the Supreme Court, in 1889, considering the Tariff Act of 1864 (13 Stat. 214) reviewed the importers' various rights of appeals up to 1864. There it is said that an importer who paid unauthorized duties might recover them from the col-

lector by an action in assumpsit. It was held that this action could be based on an alleged incorrect appraisal, as well as on an alleged incorrect decision of the collector as to the rate and amount. Of course, the force of this decision is limited to the particular statutes considered. The terms "payment under protest" and "notice of dissatisfaction for appeals to reappraisement" may have been used indiscriminately in cases decided under other acts; but whether dissatisfaction is with the appraisement, or whether it is with the collector's decision as to the rate and amount, the method of voicing this dissatisfaction and obtaining relief is here fixed. The collector has the power to decide as to the rate of duty or classification of the merchandise, and computes the amount of duty predicated upon the amount or value found and returned to him by the officers in whom the law places the power to determine these factors and amount.

It is not the duty of the collector to fix or change the two factors of value or quantity. He could not predicate his original decision or liquidation on his own findings as to these factors, and it follows that he could not liquidate or reliquidate upon his own findings of the value of the currency where the statute (section 25 of the Act of August 28, 1894) provides that the "value so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed. * * * *" Section 21 of the Act of June 22, 1874 (Comp. St. § 5714), is in effect a statute of limitations. The word "protest," there used, indicates a written document which is filed by an importer with the collector against his decision as to the rate and amount of duty for the classification of the merchandise. In the revision of the statute (Rev. Stat. § 3011) Congress used the noun "protest" (act of 1874) and again the term "protest" was used in the revision of February 27, 1877 (19 Stat. 247), which amended Rev. Stat. § 3011.

In Saltonstall v. Birtwell, 164 U. S. 54, 17 S. Ct. 19, 41 L. Ed. 348, the court considered the Act of March 3, 1883, 22 Stat. 488, in an action by an importer to recover duties paid under protest filed within 10 days after the ascertainment and liquidation of duties, and there referred to the testimony of the protest clerk and her duties, which it was said were "to receive and care for protests filed by importers against the rate of duty exacted by the collector of said

port upon their importations of merchandise." Reappraisement statutes require a notice in writing to be filed with the collector as an appeal to the reappraisement, whereas protests under the protest statutes require, not only that the protest be in writing, but in addition "setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto." See paragraph N, § 3, Act of 1913 (Comp. St. § 5595); section 14, Act June 30, 1864 (13 Stat. 214); Rev. Stat. § 2931; Customs Administration Act of June 10, 1890, 26 Stat. 136; Tariff Acts of July 24, 1897, 30 Stat. 151, and August 5, 1909, 36 Stat. 11. Wherever Congress used the word "protest" in connection with the customs statutes, it seems to have considered the decision of the collector.

[2, 3] The cases to which our attention is called by the government considered protests challenging the legality of appraisements after the appraisements had been concluded, for the reason that the appraisers had erroneously included export taxes as an item of value, or erroneously determined the time and place to find value, or erroneously made a second appraisement, or that the collector erroneously assessed penalties because of an advance in values on appraisement. Bartlett v. Kane, 57 U. S. (16 How.) 263, 14 L. Ed. 931; Belcher v. Linn, 65 U. S. (24 How.) 508, 16 L. Ed. 754; Fielden v. Lawrence, Fed. Cas. No. 4,774, 3 Blatch. 120; Goddard v. Maxwell, Fed. Cas. No. 5,492, 3 Blatch. 131. These cases do not hold, as contended for, that the term "protest" was used in connection with an appeal to reappraisement. Under the Tariff Act of 1913, the importer may challenge the legality of an appraisal, or that the appraisal proceeded upon a wrong principle, contrary to law, by filing a protest with the collector at the time the collector assessed the amount of the duties placed upon such illegal appraisement. See Oberteuffer v. Robertson, 116 U. S. 499, 6 S. Ct. 462, 29 L. Ed. 706; Robertson v. Frank Bros. Co., 132 U. S. 17, 10 S. Ct. 5, 33 L. Ed. 236; Hermann et al. v. United States (C. C.) 84 F. 151. There was no protest filed within the meaning of this statute. The duties upon the imported goods were liquidated and paid, and the goods delivered to the importer, all more than one year before these actions. This settlement of duties was final after the expiration of one year, and in the absence of protest by the importer is final and conclusive upon all.

Judgment affirmed.