## A. S. ROSENTHAL CO. v. UNITED STATES.

Circuit Court of Appeals, Second Circuit.
February 6, 1928.

No. 135.

1. **Customs duties** ⬅55—**Collector of customs has power to decide rate of duty or classification of merchandise, and may compute amount predicated on value found by proper officers.**

Collector of customs has power to decide as to rate of duty or classification of merchandise, and he may compute amount of duty predicated on amount of value found and returned to him by officers in whom law places power to determine these factors and amount.

2. **Customs duties** ⬅81—**Where duties are liquidated and paid, and goods delivered, settlement is conclusive on all after one year from entry, in absence of protest (Tariff Act 1913, § 3, par. N [Comp. St. § 5595]).**

Where duties under Tariff Act 1913 are liquidated and paid, and goods delivered to im-

porters, settlement is final and conclusive on all after one year from entry, in absence of protest by importers, as provided by section 3, par. N (Comp. St. § 5595), and government's action for additional duties is barred.

3. **Customs duties** ⬅81—**If collector used wrong rates in liquidating entries, liquidations were not void, and importer's remedy was to protest (31 USCA § 372; Tariff Act 1913, § 3, par. N [Comp. St. § 5595]).**

Where, after entry of imported goods, collector liquidated entries at rates in excess of conversion rate made by importer for Chefoo taels, and the government sought to recover the difference, such liquidation was not void, even if erroneous rate was used, under Act Aug. 27, 1894, § 25 (31 USCA § 372); since collector had power to liquidate custom duties, and the importer's remedy was to file protest under terms of Tariff Act 1913, § 3, par. N (Comp. St. § 5595).

In Error to the District Court of the United States for the Southern District of New York.

Suit by the United States against the A. S. Rosenthal Company to recover increased duties based upon liquidations made by the Collector of the Port. Judgment for plaintiff; defendant brings error. Affirmed.

Brooks & Brooks, of New York City (Frederick W. Brooks, Jr., of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Mary R. Towle, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. Plaintiff in error imported three lots of silk from China, and entered them in the customs house within this district on December 29, 1919, January 2, 1920, and February 5, 1920, respectively, converting the currency of the consular invoices, Chefoo taels, into American dollars in alleged accordance with the proclamation of the Secretary of the Treasury dated October 1, 1919, for the ensuing quarter year, in pursuance of provisions of section 25 of the Act of August 27, 1894 (28 Stat. 552 [31 USCA § 372]). On May 6, 1921, the collector liquidated these entries at rates in excess of the conversion rate made by the plaintiff in error for the Chefoo taels, and in this action the government seeks to recover the difference, or the increased duties which were based upon such liquidation. On May 23, 1921, the importer filed a protest with the collector, claiming that his action was illegal, void, and contrary to the statutes made and provided in such cases, and it refused to pay the increased duties. The de-

fense interposed to the action is, as claimed in the protest, that the liquidation was illegal and void, because it was not made in accordance with the proclamation of the Secretary of the Treasury dated October 1, 1919.

Section 25 of the Act of August 27, 1894 (28 Stat. 552), provides:

"That the value of foreign coin as expressed in the money of account of the United States shall be that of the pure metal of such coin of standard value; and the values of the standard coins in circulation of the various nations of the world shall be estimated quarterly by the Director of the Mint, and be proclaimed by the Secretary of the Treasury immediately after the passage of this act and thereafter quarterly on the first day of January, April, July, and October in each year. And the values so proclaimed shall be followed in estimating the value of all foreign merchandise exported to the United States during the quarter for which the value is proclaimed, and the date of the consular certification of any invoice shall, for the purposes of this section, be considered the date of exportation."

Provision is then made for reliquidation, when satisfactory evidence showing that the value of any United States currency of the foreign money specified in the invoice was of the date of certification at least 10 per centum more or less than the value proclaimed during the quarter in which the consular certification occurred. This reliquidation must be made within a year. By section 3, paragraph N, of the Tariff Act of October 3, 1913 (38 Stat. 187 [Comp. St. § 5595]), it is provided that the decision of the collector as to the rate and amount of duties chargeable under imported merchandise shall be final and conclusive against all persons interested, unless the importer or his agent, within 30 days after the ascertainment or liquidation of the duties, if dissatisfied with the decision imposing a high rate of duty, shall file a protest in writing with the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objection thereto.

Upon the payment of the duties protested and deposit of a protest fee, the collector transmits the invoice and all papers and exhibits connected therewith to the board of nine general appraisers for due assignment and determination, as provided by law, and such determination is final and conclusive upon all persons interested therein, and the record is transmitted to the proper collector or person acting as such, who liquidates the entry accordingly, except in cases where an appeal shall be filed with the United States Court of Customs Appeals within the time and manner provided by law.

[1, 2] The collector has the power to decide as to the rate of duty or classification of merchandise, and he may compute the amount of duty predicated upon the amount or value found and returned to him by the officers in whom the law places the power to determine these factors and amount. Where duties under the act are liquidated and paid, and goods delivered to the importers, the settlement is final and conclusive on all after one year from entry, in the absence of protest by the importers, and the government's action for additional duties is barred. United States v. Lian (C. C. A.) 10 F.(2d) 41; Abner Doble Co. v. United States (C. C. A.) 119 F. 152; Franklin Sugar Refining Co. v. United States (C. C.) 144 F. 563; Gandolfi v. United States (C. C. A.) 74 F. 549. If the importer is dissatisfied with the liquidation, he may file his protest, and begin proceedings before the Board of General Appraisers, and conduct such proceedings according to the terms of the statute referred to above.

[3] The liquidation here may have been erroneously made, but it was lawful to make it; it was not wholly void. The collector had the authority to perform the act of liquidation upon the imported merchandise. A distinction must be drawn between the performance of the act of liquidation and the manner or method of such performance. Where the act of liquidation is unauthorized as a reliquidation after a one-year period has elapsed, it is void; but, where done in and by an erroneous measure or computation, it is not void, and the remedy for the injustice is by filing a protest under the terms of the statute. Where, as here, the collector is alleged to have used a different and erroneous rate in each instance, his liquidations are not void; the collector had the power to liquidate customs duties. Section 25 of the Act of August 27, 1894, provides a computation for the collector to follow in exercising the power which he had. We can perceive no difference between the act of the collector in adopting an erroneous rate of currency liquidation and an act of the collector in adopting an erroneous rate of duty in the liquidation. In the latter as in the former case, the importer's lawful course is to bring on a protest proceeding before the board of general appraisers. Stone v. Whitridge, White & Co. (C. C. A.) 129 F. 33; United States v. Lucius Beebe & Sons (C. C. A.)

122 F. 762; United States v. J. Allston Newhall & Co. (C. C.) 91 F. 525.

Since this was the one defense interposed, the court below properly held that there was a lawful liquidation, and that any error committed in such liquidation should be corrected only by filing a protest and proceeding before the Board of Appraisers.

Judgment affirmed.