JAMES H. FRUSH, RESPONDENT, v. THE CITY OF EAST PORTLAND, APPELLANT.

MUNICIPAL CORPORATION—LIABILITY OF, ON CONTRACT.—The charter of the city of East Portland empowers the corporation to open and establish streets, to appropriate private property therefor, to improve streets, etc., "with full power to determine and provide for everything necessary and convenient to the exercise of the authority" granted. The city contracted with F. for a street improvement, and agreed "to pay the amount found due therefor by warrants to be drawn upon the fund to be collected and paid into the city treasury for that purpose:" Held, that the right of F. to recover the amount due on this contract is not restricted to the funds arising from the tax levied upon the property adjacent to the improvement, that being the mode of raising money to pay for such improvements provided by the municipal authority; but that the city is liable therefor, and is bound to provide funds to pay for such improvements.

STIPULATED FACTS—FINDINGS NOT REQUIRED.—In a trial before the court, without the intervention of a jury, the parties having stipulated the facts, no formal findings of fact are necessary.

APPEAL from Multnomah County.

The facts are stated in the opinion of the court.

W. W. Thayer, for appellant.

M. C. George, for respondent.

By the Court, McARTHUR, J.:

The respondent entered into a contract with the city of East Portland to improve a certain section of one of its

streets, including a sidewalk and gutters, for which the city agreed "to pay the amount found due, by warrants to be drawn on the fund to be collected and be paid into the city treasury for that purpose." By stipulation filed it is admitted that the work was duly performed and accepted, and that at the time of acceptance there was a balance found due the respondent amounting to four hundred and twenty-eight dollars. For this sum the city drew its warrant, which was immediately presented, but it was not paid for the reason that there was no fund at hand wherewith to pay the same.

Whether the city is primarily liable upon this contract depends not wholly upon the terms thereof, but also upon the provisions of the charter. It will be observed that though the improvements were local, there is nothing in the contract to show that it was in the minds of the contracting parties at the time the same was entered into that a special and local tax was to be resorted to in order to raise the fund from which the warrants were to be paid. The contract provided simply that the respondent should do certain work at a stipulated price, and that upon its completion and acceptance the city would pay him the contract price through the instrumentality of warrants to be drawn upon a fund which the city agreed to provide for the purpose of liquidating the same. Section 1 of article 6 of the charter authorizes and empowers the board of trustees "to lay out, establish, vacate, widen, extend and open streets or parts of streets, and alleys or parts of alleys, in said city, and appropriate private property for that purpose, and to establish or alter the grade of any street or part thereof, and to improve the sidewalks, pavements, streets and parts of streets, within the limits of the city, by making full or partial improvements thereof; and it has full power to determine and provide for everything necessary and convenient to the exercise of the authority herein granted."

Pursuant to this provision, an ordinance was passed authorizing the improvement covered by the respondent's contract, and other improvements in the same locality, and

providing for the assessment, levy and collection of a tax upon the property abutting the street to be improved. From this tax a fund was constituted, but this fund was exhausted by the payment of warrants anterior in date to the warrants now held by the respondent. Had the contract contained a stipulation that the respondent was to be paid out of a fund arising from the tax collected from the owners of the property abutting the street to be improved, he would have no right to look to any other fund for payment of his warrants. But such was not the case, and under the terms of the contract above set out, we think the city was and is primarily liable to pay the sum he claims.

There is another point in this case deserving of attention. By agreement, the case was tried by the court without the intervention of a jury, and there are no formal findings of fact. The code, section 216, provides that upon a trial of an issue of fact, the judge, in his decision, shall state the facts found. This rule must be followed in all cases where the judge is called upon to pass upon the facts. In this case he was not called upon to do so. All the facts were agreed to by counsel for the respective parties, and are set forth in the stipulation, signed by them, and these facts were so stated and agreed upon, so that he might " pass upon the law in the case."

It was not necessary that he should have formally found the facts. He could have found no others than those agreed on. They were already set forth in the stipulation. That paper was part of the record. Under such circumstances it would be unreasonably technical to hold that the court below erred in not mechanically transcribing what already sufficiently appeared in the record of the case.

From these views, it follows that the judgment of the court below must be affirmed.

Judgment affirmed.