# BADGER *v.* CUSIMANO.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

No. 179.   Argued January 31, 1889. — Decided March 5, 1889.

When there is a general finding in favor of the plaintiff on the issues of fact raised by the pleadings in an action for the recovery of duties ille-

gally exacted, the facts must be taken to be as alleged by him in the pleadings.

Since the enactment of § 7 of the act of March 3, 1883, c. 121, 22 Stat. 488, 523, the value of an importation of goods is to be ascertained for the purposes of customs duties by their actual market value, without reference to the "charges" specified in §§ 2907, 2908, Rev. Stat.; and it appearing in this case that under an appraisement of imported oranges, the invoiced value of such "charges" was reduced, and the amount of such reduction added to the invoiced value of the fruit, although such invoice value represented its true market value; *Held*, that such addition to the true invoice value was illegal, and that the power of the collector to make it was apart from any question of fraud in the appraisement, and could be raised in an action at law when the importer had taken such steps as entitled him to bring suit for the recovery of the duties so illegally exacted.

THE case is stated by the court in its opinion.

*Mr. Assistant Attorney General Maury* for plaintiff in error.

*Mr. Richard H. Browne* for defendants in error. *Mr. Charles B. Singleton* was with him on the brief.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an action for the recovery of the sum of $1400.07, with interest, being the amount of certain duties which, it is alleged, were illegally exacted from the defendants in error. The case was tried by the court pursuant to a stipulation between the parties waiving the intervention of a jury.

The court found "the issues of-fact raised by the pleadings in favor of the plaintiffs." We must assume, therefore, that the facts were as alleged by the plaintiffs in their pleadings.

It is alleged in the petition and amended petition that the plaintiffs were importers of and dealers in foreign fruits at New Orleans; that, in December, 1883, and January, 1884, they imported several cargoes of Valencia oranges on the steamships Pontiac, Norfolk, North Anglia, Vindolano, and Ehrenfels, aggregating 21,165 cases, each case being over two and one half cubic feet; that the invoice value of the oranges was 177,310 pesetas, while the invoice value of the charges (composed of value of cases, nails, packing, bands, cost of

transportation, etc.) was 120,990 pesetas, making the total invoice value of fruit and charges, 298,300 pesetas; that the fruit as it arrived was duly entered in the customs department at New Orleans, the fruit at its true invoice value, which was its true market value at the date of the respective importations, and the charges at their true invoice value; that, nevertheless, the collector, without pretending that there was any mistake or fraud in the invoice value of the fruit, caused an appraisement of each importation to be made, despite the protest and remonstrance of petitioners, and thereby increased the invoice value of the fruit, and reduced the invoice value of the charges in each, increasing the value of the fruit by just so many pesetas as the invoice value of the charges was reduced, and making a total increase of 36,271.15 pesetas in the value of the fruit, equal to $7000.33 in American coin, upon which petitioners were obliged to pay 20 per cent duty, or $1400.07; that as soon as the liquidations of each and all of the entries were made by the customs department, and within thirty days thereafter, the petitioners appealed from the decision of the collector to the Secretary of the Treasury; that the Secretary, on the 18th of February, 1885, decided that it appeared that the "fruit in question was invoiced at a value which properly represented its market value, but that the value of the boxes, packing, etc., was excessive, and was reduced by the appraiser, and the value of the fruit advanced to the same extent," and affirmed the decision of the collector; that one of the merchant appraisers appointed by the collector knew nothing of the value of Valencia oranges or of the charges thereon, and so admitted; that none of the oranges, nor any samples thereof, were submitted to or examined by the merchant appraisers, which facts were specifically set forth in plaintiff's protest, filed with the collector, against the appraisement; and that all the subsequent appraisements of shipments, other than the shipment by the Pontiac, were based upon the above merchant appraisement, and an appeal to the Secretary of the Treasury was refused, on the ground that such appraisement was binding.

The effect of § 7 of the act of March 3, 1883, c. 121, 22 Stat. 488, 523, was to exclude from the estimate of the

amount of duties collectible upon goods imported from other countries, the value of the "charges" specified in §§ 2907 and 2908 of the Revised Statutes, including the value of the usual and necessary sacks, crates, boxes, or covering of any kind, not composed of materials or made in any form designed to evade duties thereon, but used in the *bona fide* transportation of such goods to the United States. The duties, therefore, for which the plaintiffs were liable in respect to the oranges they imported, were to be ascertained with reference only to their true and actual market value. *Oberteuffer* v. *Robertson*, 116 U. S. 499, 509, 510. That the collector made a reduction of the invoice value of the charges is of no consequence, because such charges were not dutiable items. He did what the law did not authorize him to do, namely, increased the dutiable value of the oranges although they were invoiced and entered at their true market value. The additional duties exacted from the plaintiffs on this increased value amounted to the sum for which the judgment was rendered.

It is insisted, however, that this question cannot arise upon the present writ of error. The only bill of exceptions taken in the case states, "that on the trial of the cause the plaintiffs offered evidence tending to show that the value fixed on goods imported by them was excessive, and that the appraisement of said goods was erroneous; to the reception of which evidence defendant objected, on the ground that said goods were duly appraised, and that the appraisement is final and conclusive in the absence of fraud, which is not alleged, and on the further ground that such evidence is not admissible under the allegations of plaintiffs' petition, which objections were overruled by the court, and said evidence received, to wit, on ground, because, in the opinion of the court, it is not necessary to allege fraud."

The contention of the government is that as fraud was not specifically alleged in respect to the appraisement, the court erred in admitting and considering evidence to impeach it. This position is supposed to be sustained by the case of *Hilton*. v. *Merritt*, 110 U. S. 97, 106. In that case it was said: "Considering the acts of Congress as establishing a system, and

giving force to all the sections, its plain and obvious meaning is that the appraisement of the customs officers shall be final, but all other questions relating to the rate and amount of duties, may, after the importer has taken the prescribed steps, be reviewed in an action at law to recover duties unlawfully exacted." Again: "The valuation made by the customs officers was not open to question in an action at law as long as the officers acted without fraud and within the power conferred on them by the statute." In the case before us there is no impeachment of the appraisement, so far as it states the value of the charges or the value of the goods as increased by the amount of the reduction made from the value of the charges. The only inquiry is, whether the collector acted within the power conferred upon him by statute when he required the importers to pay duties not only upon the actual market value of the goods, but upon such additional value as was equal to the reduction made from the value of the cases covering the goods. These are questions of law simply, involving the power of the collector under the statute. They are entirely apart from any inquiry as to fraud in the appraisement, or as to the values set forth in it, and may be raised by the importer in an action at law, when he has taken such steps as entitle him to bring suit for the recovery of duties illegally exacted from him. This ruling is entirely consistent with the decision in *Hilton* v. *Merritt*.

*Judgment affirmed.*