## SALTONSTALL *v.* RUSSELL.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

No. 314. Submitted March 22, 1894. — Decided April 9, 1894.

By the submission of a case to the judgment of the Circuit Court upon an agreed statement of facts, all questions of pleading are waived; and no finding of facts by the court is necessary.

By sections 2931 and 3011 of the Revised Statutes, as amended by the act of February 27, 1877, c. 69, if at the first port of entry, not being one of the ports at which the statutes authorize goods to be imported and shipped through without appraisement, goods imported by sea are entered for warehousing and immediate transportation by the same vessel to another port and are transported accordingly, and the duties thereon are assessed by the collector at the first port, and again by the collector at the second port and paid by the importers to the second collector to obtain possession of the goods, no part of the duties can be recovered back in an action by them against him, unless due protest is made within ten days after the decision of the first collector as to the rate and amount of duties.

THIS was an action, brought May 15, 1888, against the collector of customs for the port of Boston and Charlestown, to recover back duties exacted by him, and paid under protest, upon blueberries imported by the plaintiffs from New Brunswick. No answer was filed. But the case was submitted to the decision of the Circuit Court upon a statement of facts, in which it was agreed that the regulations of the Treasury Department might be referred to, and that the court might enter judgment as the law required upon the facts stated, which were in substance as follows:

On October 22, 1887, the plaintiffs imported from New Castle in the Province of New Brunswick, into the port of Eastport in the State of Maine, upon the steamship Cumberland, running regularly between St. John in New Brunswick, Eastport, and Boston in the State of Massachusetts, five hundred cases of canned blueberries, consigned to John Thompson, the master of the steamship, to be by him entered at the custom-house at Eastport, and thence to be immediately transported

in bond to the port of Boston, consigned to the plaintiffs; and the goods were duly entered by him, as agent of the plaintiffs, at the custom-house at Eastport, for warehouse and immediate transportation, without being removed from the steamship. On the same day, the duties were assessed by the collector at Eastport, and the amount of duty fixed at $144, being twenty per cent of $720, the value of the blueberries, cases, cans, and cost of packing, added together, that being the amount of the entered value, as stated in the invoice. The value of the blueberries was $315, the value of the coverings was $330, and the cost of packing them $75. The cases were made of wood; each case contained twenty-four cans, made of tin; and each can contained one and a half pounds of blueberries. Both the cases and the cans were the usual and necessary coverings of such goods, and were not of any material or form designed to evade duties thereon, nor designed for use otherwise than in the *bona fide* transportation of the goods to the United States.

The goods were immediately transported by the same steamship to Boston. Upon examination of the goods by the United States appraisers in Boston, they reported to the defendant that the dutiable value of the same was $315, being the cost of the blueberries, without including the value of the coverings, or the cost of packing them; and the defendant wrote to the collector at Eastport, calling his attention to the fact that he had included the value of the coverings in his assessment; but he refused to correct it. Thereupon the defendant reported the case to the Secretary of the Treasury, informed the collector at Eastport of the fact, and meantime suspended the entry. On November 11, 1887, the Secretary of the Treasury wrote a letter to the collector at Eastport, instructing him to make the correction.

On November 18, 1887, the plaintiffs entered the goods at the custom-house in Boston for rewarehousing and withdrawal; and the defendant assessed the duties thereon, for the same amount and made up of the same items as the collector at Eastport, and exacted payment of the same from the plaintiffs. They contended that the merchandise was subject to a duty of

twenty per cent of the value of the blueberries, not including the value of the boxes and cans, or the cost of packing; and paid the assessed duties to the defendant under protest; and, being dissatisfied with his decision, on the same day gave to him, and mailed to the collector at Eastport, notices thereof in writing, setting forth distinctly and specifically the grounds of their objection; and appealed to the Secretary of the Treasury, who declined to entertain the appeal, on the ground that the protests had not been seasonably filed, but affirmed the assessment by the collector at Eastport; and the plaintiffs seasonably brought this suit to recover the sum of $81, exacted and paid upon the coverings and cost of packing.

Upon the agreed statement of facts, the Circuit Court gave judgment for the plaintiffs; and the defendant sued out this writ of error.

*Mr. Assistant Attorney General Whitney* for plaintiff in error.

*Mr. Frederic Cunningham* for defendants in error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

The case having been submitted to the Circuit Court upon a statement of facts agreed by the parties, or case stated, upon which the court was to render such judgment as the law required, all questions of the sufficiency of the pleadings were waived, and the want of an answer was immaterial; and no finding of facts by the court was necessary. *Willard* v. *Wood*, 135 U. S. 309, 314; *Bond* v. *Dustin*, 112 U. S. 604, 607.

It is conceded that the duties complained of were illegal, in view of the decision of this court in *Oberteuffer* v. *Robertson*, 116 U. S. 499; and that the only question in the case is whether protest should have been made, under sections 2931 and 3011 of the Revised Statutes, within ten days after the liquidation of the duties at Eastport.

By the customs acts of the United States, except as other-wise expressly provided, duties on imported goods are to be assessed and paid at the first port of entry. *United States* v. *Vowell,* 5 Cranch, 368; *Meredith* v. *United States,* 13 Pet. 486, 494; *Hartranft* v. *Oliver,* 125 U. S. 525. For the purpose of encouraging and facilitating commerce, by exempting the importer from the payment of duties until he is ready to bring his goods into market, provision has been made by which the goods may be entered for warehousing and deposited in a bonded warehouse in the district of entry, and may be transported to a bonded warehouse in any other collection district, and the payment of duties postponed until the goods are withdrawn; and they may be withdrawn for consumption within one year from the date of original importation on payment of the duties and charges to which they may be subject by law at the time of such withdrawal, or after that time and within three years from such date on payment of the duties assessed on the original entry and charges, and ten per cent additional. Rev. Stat. §§ 2962, 2970, 3000, 3001; *Tremlett* v. *Adams,* 13 How. 295, 303; *Fabbri* v. *Murphy,* 95 U. S. 191; *Westray* v. *United States,* 18 Wall. 322. For the same purpose, provision has been made by which merchandise imported at certain ports, appearing to be consigned to one of the ports afterwards named in the statute, may be entered for warehouse and immediate transportation, and examined and the duties estimated at the port of first arrival, but the appraisement and liquidation of duties made at the port of destination. Rev. Stat. §§ 2990–2997; Acts of June 10, 1880, c. 190; 21 Stat. 174; February 23, 1887, cc. 215, 218; 24 Stat. 411, 414. But the goods in question were not deposited in or withdrawn from a bonded warehouse; nor is Eastport one of the ports at which goods can be imported and shipped through without appraisement. It follows that articles 721–725, 740 and 743 of the Treasury Regulations of 1884, cited by the importers, have no application to the case; and that the assessment at Eastport was the final ascertainment and liquidation of the duties upon these goods. That such was the opinion of the Treasury Department appears from its

having addressed its letter of instructions for the correction of the assessment, not to the defendant, but to the Eastport collector, as well as from the reasons which it gave for disallowing the appeal of the importers. And we have been referred to no act of Congress, Treasury regulation or judicial decision, which warranted a new assessment of the duties upon these goods by the defendant at Boston. See *Spring* v. *Russell*, 1 Lowell, 258.

But this suit of the importers against him clearly comes within section 3011 of the Revised Statutes, as amended by the act of February 27, 1877, c. 69, which provides that "any person who shall have made payment, under protest, and in order to obtain possession of merchandise imported for him, to any collector, or person acting as collector, of any money as duties, when such amount of duties was not, or was not wholly, authorized by law," may maintain an action "to ascertain the validity of such demand and payment of duties, and to recover back any excess so paid;" but that "no recovery shall be allowed in such action, unless a protest and appeal shall have been taken as prescribed in section 2931." 19 Stat. 247.

By section 2931, here referred to, "the decision of the collector of customs at the port of importation and entry, as to the rate and amount of duties to be paid" on merchandise and the dutiable costs and charges thereon, "shall be final and conclusive against all persons interested therein," unless the importer "shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, as well in cases of merchandise entered in bond as for consumption, give notice in writing to the collector on each entry, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such ascertainment and liquidation, appeal therefrom to the Secretary of the Treasury."

By virtue of this section, Eastport being "the port of importation and entry" of these goods, the decision of the collector at that port, as to the rate and amount of duties to be

paid, was "the ascertainment and liquidation of the duties by the proper officers of the customs;" and the plaintiffs, not having given notice in writing of their objection to that decision within ten days thereafter, cannot maintain an action to recover back the whole or any part of the duties paid.

This conclusion, which appears to .be required by the terms of the statutes, is the only one consistent with the decision of this court in *Merritt* v. *Cameron*, 137 U. S. 542.

It was suggested, in the brief in behalf of the importers, "that the collector had no jurisdiction or power to assess a duty upon the coverings: the liquidation was void, just as if the collector undertook to assess a duty upon domestic goods: the appraisement was void; and in such a case section 2931 of the Revised Statutes does not apply, and no protest is necessary, because there has been no valid liquidation." In support of this suggestion were cited *Oberteuffer* v. *Robertson*, 116 U. S. 499; *Badger* v. *Cusimano*, 130 U. S. 39; *Robertson* v. *Frank Brothers Co.*, 132 U. S. 17, 24; *United States* v. *Thurber*, 28 Fed. Rep. 56.

But *United States* v. *Thurber* was an action by the United States to recover duties, and not an action against the collector to recover them back; in *Badger* v. *Cusimano*, and in *Robertson* v. *Frank Brothers Co.*, protests had been made in due form; in *Oberteuffer* v. *Robertson*, it was distinctly recognized that the proper remedy of the importer was by protest and appeal; and the statutes, as has already been seen, make such protest and appeal essential prerequisites to recovery in an action brought to ascertain the validity of the demand and payment of duties, and to recover back any excess so paid. See also *Lawrence* v. *Caswell*, 13 How. 488, 496; *Nichols* v. *United States*, 7 Wall. 122; *Arnson* v. *Murphy*, 109 U. S. 238, and 115 U. S. 579.

> *Judgment reversed, and case remanded to the Circuit Court with directions to render judgment upon the agreed statement of facts for the defendant.*