## BROWN v. BROWN *et al.*

Where all the facts in a case were presented to the court by stipulation, such stipulation. with the material part of the pleadings, is a substitute for findings of fact, and, if they support the judgment, it will not be disturbed, though Comp. Laws, § 5066. as amended by Laws 1893, c. 72, requires that, on trial of a question of fact by the court, its decision must be given in writing and filed.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Campbell county. Hon. LORING E. GAFFY, Judge.

Action by R. A. Brown against James M. Brown and John Alexander to foreclose a real estate mortgage. From a judgment for plaintiff, defendants appeal. Affirmed.

*E. T. Taubman, James M. Brown* and *Frank Alexander,* for appellants.

*Herreid & Williamson* and *H. Krueger,* for respondent.

FULLER, P. J. This appeal is from an order overruling a motion to vacate and set aside a decree entered in plaintiff's favor, and against the defendants, in an action to foreclose a real-estate mortgage, in which all the facts were agreed upon, and presented to the court by stipulation, and the ground re-

lied upon is that no findings of fact were either made, served,
or waived. The decree recites that the case is decided upon
the question of merger, raised by the pleadings, the facts with
reference to which are submitted by stipulation. So far as
disclosed by the record on appeal, nothing was offered by re-
spondent in opposition to the affidavits presented at the hear-
ing of the motion to vacate and set aside the judgment, and
we therefore conclude, from the undisputed evidence, that
there were neither findings of fact nor a waiver thereof.
"Section.5066 of the Compiled Laws, as amended by Chapter
72 of the Laws of 1893, requires that. "upon the trial of a
question of fact by the court, its decision must be given in
writing and filed with the clerk, * * * and no judgment
shall be rendered or entered until after the filing of such de-
cision;" and Section 5068 of the Compiled Laws specifies that
such findings may be waived "(1) by failing to appear at the
trial; (2) by consent in writing filed with the clerk." While
judgments have been quite uniformly reversed or set aside
for an omission to comply with the mandatory terms of simi-
lar statutes, this court has held that "a failure to make a find-
ing of fact on an issue expressly abandoned at the trial, and
on which no evidence was introduced or findings requested, is
not available on appeal." Roblin v. Palmer, 9 S. D. 36, 67 N.
W. 949. With reference to the various provisions relating to
findings of fact and conclusions of law, we say, in the case of
Cole v. Association, 3 S. D. 280, 52 N. W. 1086: "These sec-
tions were evidently designed to apply only to the trial of is-
sues of fact raised by the pleadings, and not to cases in which
there are no issues of fact tried." While in this case issues
of fact were joined, they were, in effect, abandoned by

the stipulation, and the judicial determination of the legal question of merger was the only point to be adjudicated. In states having statutes like our own, it seems to be well settled that findings are never necessary, where the allegations of the complaint are not denied, or the facts placed in issue by the pleadings are no longer in dispute, by reason of an agreed statement or stipulation entered into by the parties; nor will a judgment be reversed for want of a finding upon a particular issue, when the omission is in no way prejudicial to the unsuccessful litigant. Gregory v. Gregory, 102 Cal. 50, 36 Pac. 364; Sole Co. v. Garretson, (Sup.) 5 N. Y. Supp. 344; Frush v. City of East Portland, 6 Or. 281; City of Owensboro v. Weir, 95 Ky. 158, 24 S. W. 115. In the case of Saltonstall v. Russell, 152 U. S. 630, 14 Sup. Ct. 734, 38 L. Ed. 577, the court says: "When a case is submitted to the court on an agreed statement of facts, for such a judgment as the law requires, all questions of the sufficiency of the pleadings are waived, the want of an answer becomes immaterial, and no findings of fact are necessary to a review." When, as in this case, the recitals of the judgment show that there was no trial of an issue of fact, and that all facts essential to the only point upon which a decision was desired were settled by stipulation, the pleadings, so far as material, and the stipulation, stand in place of findings, and are sufficient, if they support the judgment based thereon. Laveaga v. Wise, 13 Nev. 296. We are aware that the North Dakota court, in Gull River Lumber Co. v. School Dist. No. 39, 1 N. D. 500, 48 N. W. 428, has adopted the opposite view, and has cited a number of earlier California cases as authorities in point, but, in our opinion, the later decisions of that court are in perfect harmony with the doctrine

of this case.  Rogers v. Duff, 97 Cal. 66, 31 Pac 836.  In Gregory v. Gregory, *supra*, that court says:  "Findings are not required upon facts about which there is no dispute, and none are necessary when an agreed statement covers all the facts in the case."  As a result of the foregoing, our conclusion is that the court below did not err, and the judgment and order appealed from are affirmed.