## DISTRICT OF COLUMBIA *v.* LEE.

---

AGREED STATEMENT OF FACTS; WAIVER; LAUNDRYMAN; POLICE REGULATIONS.

1. The submission of a cause upon an agreed statement constitutes a waiver of all defects of pleading, and authorizes the determination of the case upon the merits.

2. The police regulation of this District of July 23, 1908, as amended August 7, 1908, regulating the laundry business, has for its object the protection of the public health, and is not in conflict with the act of Congress of July 1, 1902 (32 Stat. at L. 622, chap. 1352), imposing an annual license tax upon proprietors of laundries, which is a revenue measure.

3. The police regulation of this District of July 23, 1908, as amended August 7, 1908, requiring laundrymen to report to the health officer the location of the premises in which they do their work, and the number of families living independently of one another whom they serve, if less than ten in number, is not restricted to washerwomen, but applies to laundrymen serving families in excess of ten, and is not unreasonable or oppressive.

No. 2133. Submitted May 3, 1910. Decided May 26, 1910.

IN ERROR to the Police Court of the District of Columbia.
*Judgment reversed.*

The COURT in the opinion stated the facts as follows:

This is a writ of error to the police court of the District of Columbia, and brings into review the regulation of the com-

missioners of the District, dated July 23d, 1908, as amended August 7th, 1908, requiring every person who commonly launders for pay, on the premises occupied by him or her, clotning or sheets, pillowcases,. tablecloths, and other similar articles belonging to another person, to report that fact to the health officer in writing within thirty days after the taking effect of the regulation, giving his or her name, the location of the premises, "and the number of persons or families living independently of one another whom he or she serves, if less than ten in number." The 2d sec. of the regulation requires a similar report from those engaging in such laundry work after the date of the regulation. Failure to comply with the provisions of the regulation is punishable by a fine of not more than $25.

A motion was made to quash the information upon four grounds: First, that the facts averred constitute no offense; second, that said regulation is in conflict with the act of Congress of July 1st, 1902 (32 Stat. at L. 622, chap. 1352), imposing a tax upon laundries; third, that said regulation "is unreasonable and oppressive, and therefore void;" fourth, that "the defendant is not within the class intended to be reached by the regulation herein." The court, after hearing, quashed the information, whereupon this writ of error was allowed.

The case is submitted to this court upon an agreed statement of facts, from which it appears that the defendant in error, Shong Lee, has continuously operated for pay a laundry in this city, and has, during that time, and is now, serving families largely in excess of ten; that all the work done in said laundry is hand work; that, since the passage of said act of 1902, the defendant in error has annually paid his license tax, and is now licensed to operate a hand-laundry business from November 1st, 1909, to November 1st, 1910; that, in obtaining his license from the assessor, the defendant in error has annually stated his name, business, and the location at which said business is carried on, as required by said act of 1902; that said information was and is recorded by said assessor upon the records of his office, which office is in the same building as the health office of said District; that the defendant in error did not, at the

time of the filing of this information, nor has he since, complied with the provisions of said regulation.

*Mr. Edward H. Thomas,* Corporation Counsel, for the plaintiff in error.

*Mr. Richard C. Thompson* and *Mr. John E. Laskey* for the defendant in error.

Mr. Justice ROBB delivered the opinion of the Court:

The first point raised by the defendant in error involves the sufficiency of the information, and, in view of the agreed statement of facts, is of no avail here. Whether, therefore, the averment in the information that the defendant in error is the "occupant and owner of a certain hand laundry, serving persons in excess of ten," is sufficiently precise, need not be considered, for the reason that in the agreed statement of facts it appears that the defendant in error did launder for pay on the premises. This statement supplements the information and cures any defect, if defect there was, in it. It is well settled that the submission of a cause upon an agreed statement constitutes a waiver of all defects of pleading, and authorizes the determination of the case upon the merits. *Saltonstall* v. *Russell,* 152 U. S. 628, 38 L. ed. 576, 14 Sup. Ct. Rep. 733; *Bixler* v. *Kunkle,* 17 Serg. & R. 310; 1 Enc. Pl. & Pr. p. 391. The agreed statement is all before the court, and necessarily binds the parties thereto.

Second: Is the regulation under consideration in conflict with said act of July 1st, 1902 ? The requirement in said act that the proprietor of a hand laundry shall pay an annual license tax is for the purposes of revenue. The object of the municipal regulation is the protection of the public health. There is no reason, therefore, why the regulation may not be sustained, unless it is so clearly unreasonable and oppressive as to be outside the police powers of the municipality. The license issued under said act does not authorize the holder to conduct a laundry, regardless of such reasonable police regula-

tions as may be enacted for the protection of the people against the spread of contagious diseases, nor does it authorize the holder to maintain a nuisance. In other words, the right conferred by the license is a qualified, and not an absolute, right. This the Supreme Court of the United States has declared to be the law, in *Barbier* v. *Connolly,* 113 U. S. 27, 28 L. ed. 923, 5 Sup. Ct. Rep. 357. The court there sustained a municipal ordinance prohibiting washing and ironing in public laundries and washhouses within defined territorial limits, from 10 p. m. to 6 a. m., as a purely police regulation. The ordinance in that case also required any person within certain described limits to obtain a certificate signed by the health officer of the municipality, that the premises occupied by the applicant were properly drained. In *Soon Hing* v. *Crowley,* 113 U. S. 703, 28 L. ed. 1145, 5 Sup. Ct. Rep. 730, petitioner had paid a license tax, and obtained a license to carry on the laundry business. He was nevertheless held to be subject to the ordinance mentioned in *Barbier* v. *Connolly,* supra. See also *United States ex rel. Strasburger* v. *District of Columbia,* 5 Mackey, 389.

Third: We see nothing unreasonable or oppressive in this regulation. The defendant in error is simply required to report to the health officer that he is conducting the kind of a laundry mentioned in the regulation, give his name and the location of the premises. That he has given similar information to the assessor for a different purpose is of no consequence. We think the regulation both reasonable and conducive to the public health.

Fourth: It is alleged by the defendant in error that, inasmuch as "it is the custom in this city, as in all cities, for a very large number of its families to have their washing done by washerwomen," the regulation was designed to reach that class only. This contention is clearly untenable. The language employed is general, and there was just as much, if not more, reason apparently for including such a business as that of the defendant in error as any other.

The judgment must be reversed, with costs, and the cause remanded for further proceedings.          *Reversed.*