Note.—Reported in 201 N. W. 873. See, Headnote (1), American Key-Numbered Digest, Corporations, Key-No. 416, 14A C. J. Sec. 2325; (2) Corporations, Key-No. 425(5), 14A C. J. Sec. 2229; (3) Principal and agent, Key-No. 147(2), Agency, 2 C. J. Sec. 207; (4) Guaranty, Key-No. 16(3), 28 C. J. Secs. 51, 52; (5) Principal and agent, Key-No. 147(2), Agency, 2 C. J. Secs. 51 (1926 Anno.), 207; Bills and notes, 8 C. J. Sec. 196.

For Uniform Fraudulent Conveyance Act, see 5 U. L. A., pp. 91 and 190.

---

SLETTEBAK, Respondent, v. SLETTEBAK, Appellant.

(201 N. W. 716.)

(File No. 5408.   Opinion filed December 31, 1924.)

1.  Judgment—Husband and Wife—Separation—Pleadings—In View of Allegations, Complaint, Notwithstanding Limited Prayer, Sufficient After Answer.

 .Though husband's complaint asked only for separation and general relief, and no statute permits him to bring separation action, yet it, alleging acts of cruelty entitling him to divorce, is, under Rev. Code 1919, Sec. 2564, sufficient for that purpose, on defendant answering.

2.  Appearance—Courts—Jurisdiction of Both Parties After Voluntary Appearance and Answer of Defendant.

 The complaint, when aided by answer, being sufficient as one for an action which plaintiff could bring, the court, under Rev.

Code 1919, Sec. 2343, as to appearance, acquired full jurisdiction of both parties, at least from time of defendant's voluntary appearance.

**3.   Divorce—Separation—Pleadings—Decree for Separation Held Authorized, as Consistent with Complaint.**

Where complaint of husband, in view of wife's answer, is sufficient as one for divorce, decree of separation, action for which could be brought by her, can be granted as consistent with the case made by the complaint, and within the issues presented.

**4.   Divorce—Findings—Judgment—No Other Finding Than Approval and Adoption of Stipulation Consenting to Separation Necessary.**

Where stipulation consenting to decree of separation was filed, and the evidence justified its approval, no other finding was necessary than its approval and adoption by the court, ·leaving no material fact in dispute.

**5.   Stipulations—Courts—Attorneys—Court Not Deprived of Jurisdiction to Act on Stipulation by Subsequent Withdrawal of Answer and Affidavits.**

Litigants cannot deprive court of jurisdiction to approve their stipulations, or to enter judgment they have requested thereon, merely by withdrawing answer and affidavits after they have authorized and induced court to act on the faith of what they have done.

Appeal from Circuit Court, Douglas County; HON. R. B. TRIPP, Judge.

Action by R. Slettebak against Clara Slettebak. From a judgment of separation and an order denying a motion to vacate, defendant appeals. Affirmed.

*Waggoner & Stordahl,* of Sioux Falls, and *E. P. Wanzer,* of Armour, for Appellant.

*Walker & Gurley,* of Armour, for Respondent.

(1)   To point one of the opinion, Appellant cited: 19 C. J. 158, Hodges v. Hodges, (N. M.) 159 Pac. 1007; Raun v. Reynolds, 11 Cal. 14; Brooks v. Forington, 117 Cal 219, 46 Pac. 1073; Stakke v. Bell, 125 Cal. 309, 57 Pac. 1012.

Respondent cited: 31 Cyc. 110.

(2)   To point two, Respondent cited: Woodford v. Kelly, 18 S. D. 615.

(3)   To point three, Appellant cited:   12 L. R. A. (N. S.) 848; Aspinwall v. Aspinwall, 49 N. J. Eq. 304, 24 Atl. 926.

(4)   To point four, Appellant cited:   Baum v. Baum, 109 Wis. 47, 85 N. W. 122, 83 A .S. R. 854.

. Respondent cited:   23 Cyc. 728; Brown v. Brown, 12 S. D. 506.

(5)   To point five, Appellant cited:   Jordan v. Cavanough, 18 N. W. 851; Ward v. Goetting, (Cal.) 186 Pac. 640; Huntsville Knitting Mills v. Butner, 76 So. 54; Maryland Casualty v. Laurel Oil Co., 76 So. 875; 15 R. C. L. 668; Palmer v. Palmer, 26 Utah 31, 72 Pac. 3, 99 A. S. R. 820; Hill v. Hill, 12 L. R. A. (N. S.) 848; Hungerford v. Hungerford, 44 N. W. S. 976.

SHERWOOD, P. J.   R. L. Slettebak brought an action against Clara L. Slettebak, his wife, alleging facts, which if proven would constitute extreme cruelty, but in his prayer for relief asks only for:

(a)   An absolute decree of separation.

(b)   The care and custody of three minor children.

(c)   Such other and further relief as may be just and equitable.

Defendant without making any objection to the form of the complaint, or the jurisdiction of the court, appeared generally, and answered, denying the allegations of cruelty, and alleging in substance cruelty and non-support by respondent.   She asked for the custody of the four minor children, alimony, an equitable division of the property, with such other relief as she was equitably entitled to.

Numerous affidavits were filed by defendant, supporting her contention, and one by plaintiff's supporting his.   On this state of the pleadings appellant obtained an order to show cause, returnable December 15, 1922, at Yankton,, and on the 14th day of December, plaintiff and defendant entered into a stipulation in writing, settling their property rights; by the terms of which defendant was to receive three full sections of land in North Dakota, a tractor and plows, wagon, piano and a large amount of furniture, and some other property.   She was also to have the custody of the four minor children, aged, respectively, 19, 14, 12, and 10 years, and $200 a month beginning with the 15th day

of December, 1922, payable monthly for seven years, and thereafter $150 a month, payable monthly for five additional years. In all, $21,500 cash payments. In consideration of this division of property, each party released all claim to the property of the other. Defendant agreed to care for and educate the children out of the money thus provided, and they jointly agreed to continue to live separate and apart permanently, that neither should have the right to bind the other on any contract, or be liable for goods furnished to the other, and respondent agreed that the money payments which he agreed to make should in case of his death be a first claim against all his estate. It was further agreed in their stipulation as follows:

"This stipulation is hereby made and entered into as a compromise and full settlement of the above-entitled action, and judgment and decree may be entered herein in accordance herewith. The defendant hereby dismisses her order to show cause on the merits except that the court shall fix the amount of attorney fees of defendant's attorney, H. G. Giddings, and order plaintiff to pay the same. The restraining order heretofore granted shall be made permanent subject to the waiver thereof by plaintiff at any time and plaintiff shall pay all costs of this action, including defendant's filing fees."

This stipulation was signed and acknowledged by the parties and all papers and affidavits were obtained from the circuit court of Douglas county, where this action was brought, and were taken by the attorneys of the respective parties to Yankton on the return day of the show cause order, and duly presented to the court at its chambers at Yankton. After appearance and full hearing by both parties, at which hearing the affidavits, pleadings, and stipulation were all before the court, and the parties present by their attorneys, this stipulation was approved by the trial court.

Payment of the first monthly installment was made, all the personal property and deeds to the land delivered to and received and retained by appellant. Thereafter appellant's attorney withdrew his answer and the affidavits on her behalf, and judgment was entered in accordance with the terms of said stipulation.

On the 30th day of December, 1922, defendant, having procured other attorneys, moved the court to vacate and set aside

said judgment. The motion to vacate was denied by the court, and defendant appealed.

Appellant assigns but two errors:

(1)  Error in entering the judgment.

(2)  Error in making and entering the order refusing to vacate the judgment.

Under the first assignment appellant contends:

(a)  That the prayer to the complaint asks only for separation and general relief, and, there being no statute permitting the husband to bring such an action in this state, therefore no such action exists.

(b)  That the relief demanded in the complaint meant only the relief asked for in the prayer.

(c)  The court, having no power to grant judgment for that in fact prayed for, had no jurisdiction whatever.

Other points raised will be discussed later in this opinion. As applied to the facts in this case, we think defendant is in error in these contentions.

[1]  The complaint clearly contained allegations of cruelty, which if proved would entitle him to a divorce.

The answer put in issue these allegations, also the custody of the minor children and the value and division of the property.

Both parties asked for equitable relief on the affidavits and pleadings presented. "The sufficiency of a complaint does not depend upon its demand for relief. In actions where answers have been served, the court may grant the plaintiff any relief 'consistent with the case made by the complaint and embraced within the issue.'" Woodford v. Kelley, 18 S. D. 620, 101 N. W. 1070; R. C. 1919, § 2564.

[2, 3]  Under these facts we think it is clear that the court acquired full jurisdiction of both parties to this suit, at least from the time she voluntarily appeared and answered. R. C. 1919, § 2343. It is conceded by appellant's counsel that she might have brought the action for a decree of separation. We think that such relief is consistent with the case made by the complaint, and is embraced within the issues presented.

[4]  Quite a while before the stipulation was entered into the parties had actually separated, and were living apart, the

pleadings, stipulation, and affidavits before the court fully justified the court in believing that such separation should be made permanent. When therefore the stipulation was filed consenting to such a decree of separation, and the evidence before the court justified its approval, the defendant was not prejudiced by the court confirming the stipulation, and no other finding was needed on that point. Brown v. Brown, 12 S. D. 506, 81 N. W. 883. After the approval and adoption of the stipulation no material fact was left in dispute, and defendant was not prejudiced by the judgment entered. Brown v. Brown, supra.

[5] Litigants cannot deprive the court of jurisdiction to approve stipulations they themselves have made, or to enter judgments they have requested thereon, merely by withdrawing answers and affidavits after they have authorized and induced the courts to act on the faith of what they have done. Nor can they induce courts to act in one breath, receive benefits by the action, and then be heard to deny the power they have invoked. Courts do not sit to be trifled with in that manner.

The stipulation clearly consented to the trial of the action before the court, and to the entry of judgment by the court. There was no fraud, duress, or mistake shown, and a careful consideration of each of the other assignments of error makes it clear that they are without merit.

The judgment and order of the lower court is affirmed.

Note.—Reported in 201 N. W. 716. See, Headnote (1) American Key-Numbered Digest, Judgment, Key-No. 251(1), 33 C. J. Sec. 89; (2) Appearance, Key-No. 19(1), 4 C. J. Sec. 41; (3) Divorce, Key-No. 155, 19 C. J. Sec. 405; (4) Divorce, Key-No. 150(2), 19 C. J. Sec. 382; (5) Stipulations, Key-No. 12, 36 Cyc. 1294 (1926 Anno.)

On Rev. Code 1919, Sec. 2343, see Annotations Kerr's Cyc. Codes, 1920, Code Civ. Pro. Sec. 416.