## NORTHERN PAC. RY. CO. v. VAN DUSEN HARRINGTON CO.

District Court, D. Minnesota, Fourth Division.
October 5, 1929.

No. 1756.

D. R. Frost, of St. Paul, Minn., for plaintiff.

A. C. Remele, of Minneapolis, Minn., for defendant.

SANBORN, District Judge. The question to be determined is the effect of a mandate of the Circuit Court of Appeals in this case. Van Dusen Harrington Co. v. Northern Pac. Ry. Co., 32 F.(2d) 466, 470.

The action was brought to recover charges alleged to be due for reconsignment of carloads of grain from Minneapolis, Minn., under a tariff of rules and charges filed by the plaintiff, governing the diversion or reconsignment of carload freight. The tariff provided, among other things, that notice of arrival should be sent or given to the consignee. This court found in favor of the plaintiff and that notice of arrival had been given to the consignee; but the Circuit Court of Appeals reversed the judgment, holding that, under the evidence, no notice, as required by the tariff, had been given. That court said in its opinion: "For this reason, the judgment below is reversed and the cause remanded for further proceedings in accordance with this opinion." The mandate of the court required the entry of judgment in favor of the defendant for costs, and further proceedings.

The plaintiff now takes the position that it is entitled to amend its complaint and to have a new trial of the action. The defendant contends that the only thing that this court can do is to enter judgment of dismissal and for costs.

Section 773, 28 USCA, provides: "Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

In York v. Washburn, 129 F. 564, 566, the Circuit Court of Appeals of this circuit said: "That which the record discloses is nothing more than a general finding of all the issues in favor of defendant, but, whether the finding be general or special, it has the same effect as the verdict of a jury," etc.

In a law action, where a jury is waived and the case is submitted upon an agreed statement of facts, the facts agreed to constitute, in effect, the findings of the court, which are equivalent to the verdict of a jury, and the only question to be determined is what judgment shall be entered upon such findings. If the trial court arrives at a wrong conclusion as to the legal effect of the findings of fact, and enters an erroneous judgment, the appellate court may, upon a reversal, direct the entry of the proper judgment. Rathbone v. Board of Commissioners (C. C. A.) 83 F. 125, 132; Springfield Safe-Deposit & Trust Co. v. City of Attica (C. C. A.) 85 F. 387; Saltonstall v. Russell, 152 U. S. 628, 633, 14 S. Ct. 733, 38 L. Ed. 576; Routzahn v. Mason (C. C. A.) 13 F.(2d) 702.

In a law case, where a jury is waived, and the facts are not agreed to, and the court makes complete findings of fact upon all the issues, but reaches an erroneous legal conclusion and orders a wrong judgment, the appellate court may, if it leaves the findings of fact undisturbed, upon a re-

versal, direct the entry of the proper judgment.

In the case of Ft. Scott v. Hickman, 112 U. S. 150, 5 S. Ct. 56, 57, 28 L. Ed. 636, it was held that: "Where a Circuit Court of the United States, on the trial of an action at law before it, on the waiver of ·a jury, makes a special finding of facts, on all the issues raised by the pleadings, and gives an erroneous judgment thereon, which this court reverses, it is proper for this court to direct such judgment to be entered by the Circuit Court as the special finding requires." See also, Allen v. St. Louis Bank, 120 U.. S. 20, 7 S. Ct. 460, 30 L. Ed. 573; Cleveland Rolling Mill v. Rhodes, 121 U. S. 255, 264, 7 S. Ct. 882, 30 L. Ed. 920; Redfield v. Parks, 132 U. S. 239, 252, 10 S. Ct. 83, 33 L. Ed. 327.

In the case of Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 S. Ct. 523, 57 L. Ed. 879, which holds that where a jury has not been waived and a general or special verdict has been rendered, the Circuit Court of Appeals, upon a reversal, can only grant a new trial, it was said, on page 399 of 228 U. S., 33 S. Ct. 523, 537, 57 L. Ed. 879: "* * * The right to a new trial in a. case such as this, on the vacation of a favorable verdict secured from a jury, is a matter of substance, and not of mere form, for it gives opportunity, as before indicated, to present evidence which may not have been available or known before, and also to expose any error or untruth in the opposing evidence. As is said in Blackstone's Commentaries, bk. 3, p. 391: 'A new trial is a rehearing of the cause before another jury. * * * The parties come better informed, the counsel better prepared, the law is more fully understood, the judge is more master of the subject; and nothing is now tried but the real merits of the case.'"

A stipulation on the first trial of a law case, waiving a jury, does not affect the right of either party to demand trial by jury after the judgment on the first trial has been reversed and the cause remanded. Davies & Co. v. Porter (C. C. A.) 248 F. 397. This being so, and a finding of fact in a jury-waived action being the equivalent of a verdict of a jury, it must therefore be the law that when a party to such an action has secured a finding of fact in his favor, the Circuit Court of Appeals cannot, upon a reversal of the case for the reason that this finding of fact was not justified by the evidence, direct the entry of judgment, but can only order a new trial.

The mandate of the Court of Appeals in this case requires a new trial if the plaintiff desires one. The motion of the plaintiff is therefore granted.