(C. D. 106)

H. GRABENHEIMER AND SONS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 23, 1939)

*Philip Stein (Max Greenblatt* of counsel) for the plaintiff.
*Joseph R. Jackson,* Assistant Attorney General (*Samuel D. Spector,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: The plaintiff herein seeks a judgment of the court directing the collector of customs at the port of New Orleans, La., to accept and forward to this court a protest which the importer presented to that official and which he refused to accept. The collector

based his action, according to the stipulation of facts presented to the court, upon article 320 of the Customs Regulations of 1931. The importer claims that under section 514 of the Tariff Act of 1930 the collector was bound to transmit the said purported protest to the United States Customs Court.

When the case was called for trial the following proceedings were had, to wit:

Mr. SPECTOR. We will accept the stipulation that the original protest was attempted to be filed with the Collector at New Orleans, which was refused by the Collector.

Judge BROWN. The original protest was what?

Mr. SPECTOR. Was refused by the Collector at New Orleans because it was a protest on a rewarehouse entry, based on a warehouse entry at New York, and the Collector at New Orleans refused to accept the protest, on the ground that he had no jurisdiction to accept such a protest, and he acted in accordance with Article 320 of the Customs Regulation of 1931.

Mr. STEIN. That is agreed to. Now my point in this case, your Honor——

Judge BROWN. You don't want this on the record.

Mr. STEIN. Yes. This is all I need say on it, that there is no authority in the Collector to refuse any protest, that he must accept the protest presented to him, whether or not he wishes to answer it or whether or not he wishes to grant it. If he does not grant it he must send it to the court, in accordance with Section 514 of the Tariff Act of 1930; that it is the court's jurisdiction only and not that of the Collector to determine whether a protest is properly filed.

Judge BROWN. Now wait a minute. Did he finally send it up here?

Mr. STEIN. No. This protest in this case, this protest before your Honor is against the Collector's refusal to accept another protest against the entry involved.

Mr. SPECTOR. In other words, if this protestant is successful in this case all he wins is the theory that the Collector should have in the old case accepted the protest, with no financial——

Judge BROWN. Supposing if he won he would get an order directing the Collector to send up the other protest.

Mr. SPECTOR. It is past time.

(Further discussion at this point off the record, by order of the court.)

Judge BROWN. The case is submitted?

Mr. SPECTOR. Submitted.

Mr. STEIN. Sixty days after transcription of the record for brief.

Judge BROWN. Do you want time for brief?

Mr. SPECTOR. Yes, 60 days after.

### The importer states the issue in the following language:

The question presented to this Court is whether the Collector may legally reject a protest filed with him in view of the provisions contained in sections 514 and 515 of the Tariff Act of 1930 and article 320 of Customs Regulations of 1931.

### Said article 320 is in the following language:

Protest.—Protest against the assessment of duty can not be received at the port of destination, except against the reliquidation, or against the refusal of the collector to so reliquidate, under a change in the law.

In support of his claim that the collector was without authority to reject the protest the importer calls attention to instructions that have heretofore been given by the Treasury Department to the effect that collectors must forward protests to the Board of General Appraisers and he quotes from the ruling reported in T. D. 25307, 7 Treas. Dec. 799. He also cites cases wherein the facts are not in accord with the facts as stipulated in this case.

The question has been before this division rather recently and Judge Cline held that Treasury regulation, article 320 of the Customs Regulations of 1931, was reasonable and that a protest filed under similar circumstances has been filed at the wrong port and the same was dismissed. (*E. Malhado* v. *United States,* protest 738287–G, order dated June 16, 1936, not published.) That order cited the case of *Merritt* v. *Cameron,* 137 U. S. 542, 34 L. ed. 772. We have read the case cited carefully and find that it is authority for the following:

The ascertainment and liquidation of the duties upon merchandise entered in bond for warehouse may take place at any time after the original entry of the merchandise, and need not be delayed until the importer withdraws his goods for consumption.

The statute in effect at the date of the decision cited provided, among other things, as follows (section 2931 of the Revised Statutes):

On the entry of * * * any merchandise, the decision of the collector of customs at the port of importation and entry, as to the rate and amount of duties to be paid * * * on such merchandise, and the dutiable costs and charges thereon, shall be final and conclusive against all persons interested therein, unless * * * the owner, importer, consignee or agent of the merchandise, * * * shall, within ten days after the ascertainment and liquidation of the duties by the proper officers of the customs, as well in cases of merchandise entered in bond as for consumption, give notice in writing to the collector on each entry, if dissatisfied with his decision, setting forth therein, distinctly and specifically, the grounds of his objection thereto, and shall, within thirty days after the date of such the ascertainment and liquidation, appeal therefrom * * *.

The language "at the port of importation" does not appear in the corresponding section of the Tariff Act of 1930 under which the instant merchandise was entered. However, in a well-considered opinion the late Judge Somerville, reported in T. D. 24072, G. A. 5234, and T. D. 30355, G. A. 6982, he held that protests must be filed with the collector who is legally authorized to make ascertainment and liquidation of duty, although the payment may be made at a different port, citing *Saltonstall* v. *Russell,* 152 U. S. 628, 38 L. ed. 576. This was a case wherein merchandise was entered at Eastport, Maine, at which port the amount of duty was fixed and determined by the proper customs officials. The merchandise was thereafter shipped to Boston at which latter port the collector assessed the duties on the merchandise at the same amount and on the same items as the collector

at Eastport and exacted payment of the same from the plaintiff. The court states, among other things:

By the customs acts of the United States, except as otherwise expressly provided, duties on imported goods are to be assessed and paid at the first port of entry. [Citing cases.]

As we have said before, the cases cited by the importer in his brief were not cases based upon facts similar to those involved in the instant case. Where a protest filed at the port of entry is rejected because the collector may not deem it such as he should accept, the authorities cited by the importer are applicable. The regulation under which the collector acted herein is a reasonable one, even though the statute was slightly different at the time the *Merritt* v. *Cameron* case, *supra*, arose. The court there defined the term "liquidated" as follows:

What was meant by "liquidated," as thus used, was that the entry had been passed regularly through the various divisions of the Collector's office, and the duties thereon had been finally ascertained and fixed by the customs officials.

The theory under which article 320, *supra*, was promulgated was that the liquidation as above defined would have taken place at the first port of entry, at which place all the information necessary to a proper liquidation would be available, and that protest concerning such entry should properly be made at such port of first entry.

There is no proof in this record as to whether liquidation was had at New York or whether the merchandise was transshipped to New Orleans without the necessary ascertainment and fixing of duties by the customs officials at New York. Neither is the protest which it is claimed was attempted to be filed at New Orleans, before us, so the court is in this position. If the entire shipment of merchandise was shipped to New Orleans and all of it was sent there without a liquidation at New York, the only place that a protest could have been properly filed would have been New Orleans. On the contrary, if only a portion of the merchandise was transshipped in bond but all of it was liquidated at New York, then all the collector of customs at New Orleans did was to exact duties that had been determined to be due by the collector at New York. In such a case the protest should have been filed at New York. Inasmuch, however, as the protest is not before us and in view of the fact that we cannot sit as a court of mandamus, it is impossible for us to give the importer any relief even though we had sufficient facts to show that the only liquidation made was one at New Orleans. Upon the evidence in this case the court can give no relief.

Judgment will therefore be entered for the defendant. It is so ordered.